■ PETER T. KIKIS, Respondent, v McROBERTS CORPORATION et al., Appellants. [639 NYS2d 346]

There is no dispute that plaintiff's claims are governed by the laws of Delaware as issues of corporate governance are determined by the State in which the corporation is chartered (*Hart v General Motors Corp.*, 129 AD2d 179, 182, *lv denied* 70 NY2d 608).

Plaintiff herein is a minority shareholder of a closely held corporation who, as an employee-at-will, was without the benefit of an employment contract limiting the employer's right to discharge him. Further, plaintiff is not entitled to any special protection against being terminated by reason of his status as a minority shareholder (*Manchester v Narragansett Capital*, 1989 WL 125190 [Del Ch Ct, Oct. 19, 1989, Chandler, V Ch]; *Merrill v Crothall-American, Inc.*, 606 A2d 96, 103).

Plaintiff has also failed to allege that he negotiated for, or is in possession of, any rights which would enhance his position under any stockholders' agreement or buy-out agreement executed by the corporation's stockholders. Since the Delaware Supreme Court has unequivocally rejected the notion that there are any special, judicially-created rules to protect the minority shareholders of Delaware corporations (*Nixon v Blackwell*, 626 A2d 1366, 1379), the complaint is dismissed. Concur—Sullivan, J. P., Wallach, Kupferman, Nardelli and Tom, JJ.