Order, Supreme Court, New York County (Jeffrey K. Oing, J.), entered March 18, 2013, which granted defendants’ motions to dismiss the complaint without prejudice, unanimously modified, on the law, to vacate the order as to claims asserted against any defendant not a current officer, director, or shareholder of nominal defendant Culligan Ltd. and as to claims based on sections of the Business Corporation Law enumerated in Business Corporation Law §§ 1317 and 1319, and the matter remanded for consideration of the motion to dismiss those claims under New York law, and otherwise affirmed, without costs.
Plaintiffs—minority shareholders of Culligan Ltd.—bring this derivative action on behalf of that entity, a Bermuda company that does business in New York. Supreme Court granted the motion to dismiss upon finding that Bermuda law applied to the case pursuant to the “internal affairs” doctrine. That doctrine “recognizes that only one State should have the authority to regulate a corporation’s internal affairs—matters peculiar to the relationships among or between the corporation and its current officers, directors, and shareholders” (Edgar v MITE Corp., 457 US 624, 645 [1982]; see also Hart v General Motors Corp., 129 AD2d 179, 184 [1st Dept 1987], lv denied 70 NY2d 608 [1987]). Since the internal affairs doctrine does not apply to those defendants who are not current officers, directors, and shareholders of Culligan Ltd., namely, Angelo, Gordon & Co., L.P, Silver Oak Capital, L.L.C., Centerbridge Special Credit Partners, L.P., CCP Credit Acquisition Holdings, L.L.C., CCP Acquisition Holding, L.L.C., and Clayton Dubilier & Rice LLC, Bermuda law does not apply to claims asserted against them.
Nor does the internal affairs doctrine apply to claims based on sections of the Business Corporation Law enumerated in Business Corporation Law §§ 1317 and 1319. Business Corpora *423 tion Law § 1319 (a) (1) expressly provides that Business Corporation Law § 626 (shareholders’ derivative action) shall apply to a foreign corporation doing business in New York. Thus, the issue of plaintiffs’ standing to bring a shareholder derivative action is governed by New York law, not Bermuda law (see Pessin v Chris-Craft Indus., 181 AD2d 66, 70-71 [1st Dept 1992]; Norlin Corp. v Rooney, Pace Inc., 744 F2d 255, 261 [2d Cir 1984]). We note that Matter of CPF Acquisition Co. v CPF Acquisition Co. (255 AD2d 200 [1st Dept 1998]) held that the plaintiff’s standing to sue was governed by Delaware law because Delaware was the state of the corporation’s incorporation. However, there is no indication that the plaintiff in that case raised Business Corporation Law § 1319.
Pursuant to German-American Coffee Co. v Diehl (216 NY 57, 62-64 [1915]) and Business Corporation Law §§ 1319 (a) (1), 719 (a) (1) and 510, New York law applies to the second cause of action, which alleges that the directors of Culligan Ltd. declared illegal dividends.
To the extent plaintiffs allege violations of Business Corporation Law § 720 (e.g. waste and unlawful conveyance), which is made applicable to foreign corporations doing business in New York by Business Corporation Law § 1317 (a) (2), those claims are also governed by New York law (see Seghers v Thompson, 2006 WL 2807203, *5-6, 2006 US Dist LEXIS 71103, *16, *18 [SD NY, Sept. 27, 2006, 06 Civ 308 (RMB) (KNF)]). However, to the extent plaintiffs allege a violation of a section of the Business Corporation Law not enumerated in Business Corporation Law § 1317 (e.g. section 717, which is part of plaintiffs’ breach of fiduciary duty claim), New York law does not apply (see e.g. Seghers, 2006 WL 2807203, *5, 2006 US Dist LEXIS 71103, *16). Those claims are governed by Bermuda law (see e.g. Kikis v McRoberts Corp., 225 AD2d 455 [1st Dept 1996]), and were thus correctly dismissed.
Business Corporation Law § 1317 permits plaintiffs to sue Culligan Ltd.’s directors and officers. However, defendant Clayton Dubilier & Rice Fund VI Limited Partnership (CDR Fund VI) is neither a director nor an officer of Culligan Ltd.; it is Culligan Ltd.’s majority shareholder. Hence, there is no basis for applying New York law to the claims against CDR Fund VI. It is undisputed that, under Bermuda law, plaintiffs’ claims against CDR Fund VI, as currently pleaded, were correctly dismissed.
Because it found that Bermuda law applied to this case, the motion court did not reach defendants’ arguments that the complaint should be dismissed even if New York law applied. We *424 remand so that the court may consider those arguments.
Concur—Tom, J.E, Renwick, Andrias, Freedman and Clark, JJ.