[41 NYS3d 1]

New Greenwich Litigation Trustee, LLC, as Successor Trustee of Greenwich Sentry, L.P., Appellant, v Citco Fund Services (Europe) B.V. et al., Respondents, et al., Defendant.

New Greenwich Litigation Trustee, LLC, as Successor Trustee of Greenwich Sentry Partners, L.P., Appellant, v Citco Fund Services (Europe) B.V. et al., Respondents, et al., Defendant.

First Department, October 18, 2016

### APPEARANCES OF COUNSEL

*Milberg LLP*, New York City (*Robert A. Wallner* of counsel), and *Seeger Weiss LLP*, New York City (*Stephen A. Weiss* of counsel), for appellant.

*Paul, Weiss, Rifkind, Wharton & Garrison LLP*, New York City (*Walter Rieman, Andrew G. Gordon* and *Gregory F. Laufer* of counsel), for Citco Fund Services (Europe) B.V. and another, respondents.

*Hughes Hubbard & Reed LLP*, New York City (*William R. Maguire* of counsel), for PricewaterhouseCoopers LLP and another, respondents.

*Hughes Hubbard & Reed LLP*, New York City (*Sarah L. Cave* and *Karen L. Goldberg* of counsel), for PricewaterhouseCoopers Accountants N.V., respondent.

*Kirkland & Ellis LLP*, New York City (*Andrew M. Genser* of counsel), for PricewaterhouseCoopers LLP, respondent.

**OPINION OF THE COURT**

Tom, J.P.

In this appeal, we are asked to decide whether New York law, rather than Delaware law, applies to this corporate litigation resulting from the never ending saga of Bernard L. Madoff's Ponzi scheme. This appeal also raises issues concerning whether plaintiff's claims are precluded by the doctrine of in pari delicto;[1] whether the court correctly dismissed the claims of implied and contractual indemnification; and whether the forum selection clause in defendant PricewaterhouseCoopers Accountants, N.V.'s (PWC Netherlands) agreement with plaintiff's predecessors in interest is mandatory.

For the reasons set forth below, we find that the motion court correctly applied New York law and properly found that the in pari delicto doctrine mandates dismissal of all causes of action, with the exception of the claims for contribution, which were dismissed on other grounds not before us on this appeal.[2] We also find that the court properly dismissed the indemnification claims on separate grounds, and that the forum selection clause in defendant PWC Netherlands's agreement is mandatory and enforceable.

These two consolidated actions were originally commenced by the funds, private investment limited partnerships operating as feeder funds which, as of November 2008, had about $325 million invested in Bernard L. Madoff Investment Securities, LLC. The funds sustained substantial losses in Madoff's Ponzi scheme, and on November 19, 2010, they filed Chapter 11 bankruptcy petitions in the Southern District of New York.

Plaintiff New Greenwich Litigation Trustee, LLC is successor trustee (Trustee) of the funds' litigation trusts, established

---

1. The in pari delicto doctrine "mandates that the courts will not intercede to resolve a dispute between two wrongdoers" (*Kirschner v KPMG LLP*, 15 NY3d 446, 464 [2010]).

2. The court dismissed the contribution claims on the ground that the settlement between Greenwich Sentry L.P. and Greenwich Sentry Partners, L.P. (the funds) and Bernard Madoff Investment Securities (BMIS) included a release of the funds from "all" actions and claims, and that General Obligations Law § 15-108 (c)—which provides "[a] tortfeasor who has obtained his own release from liability shall not be entitled to contribution from any other person"—is a bar to plaintiff's contribution claims. Plaintiff does not dispute this finding on appeal.

in connection with the funds' jointly administered Chapter 11 reorganization plans. Defendants GlobeOp Financial Services LLC (GlobeOp) and Citco Fund Services (Europe) B.V. (Citco Europe) were administrators of the funds, and defendant Citco (Canada) Inc. was a sub-administrator of the funds. Defendant PWC Netherlands was the funds' outside accountant and auditor for 2005, and defendant PricewaterhouseCoopers LLP (PWC Canada) was the funds' outside accountant and auditor for 2006 and 2007.

The actions were originally commenced as derivative actions on behalf of the funds by limited partners of the funds in February 2009. The funds alleged that the "Fund Defendants"—which included affiliates of the funds' manager, Fairfield Greenwich Group; individual directors of the manager's affiliates; and the instant Citco defendants—breached their fiduciary duties by failing to conduct adequate due diligence of Madoff Securities, while collecting hundreds of millions of dollars in fees on fictitious assets. The derivative complaints asserted causes of action against the fund defendants for breach of fiduciary duty, negligence, unjust enrichment, and accounting; and asserted causes of action against the PWC defendants for professional negligence, breach of contract, and negligent misrepresentation.

The derivative actions were stayed by various orders, as the funds' bankruptcy petition was adjudicated. By order dated December 22, 2011, the bankruptcy court confirmed the funds' Chapter 11 reorganization plan and appointed plaintiff as trustee of the funds' litigation trust.

By order dated July 7, 2011, the bankruptcy court approved settlement of a clawback claim brought by the trustee of Madoff Securities (Madoff Trustee) against the funds, pursuant to which the funds agreed to judgment against them for approximately $200 million for amounts withdrawn from Madoff Securities before it went into bankruptcy. As part of the settlement, the funds also assigned to the Madoff Trustee all of their claims against their manager (the Fairfield Greenwich Group), and against their former general partner, investment managers, and investment advisors, who are not parties to these actions.

After Supreme Court lifted the stay of the derivative actions in April 2012, the Trustee was substituted for the derivative plaintiffs, and two substantively identical amended complaints, both dated May 11, 2012, were filed on behalf of each fund.

As against the administrator defendants (i.e., Citco Europe, Citco Canada, and GlobeOp), the Trustee asserted causes of action for breach of fiduciary duty, negligent misrepresentation, negligence and gross negligence, breach of contract, common-law fraud, unjust enrichment, and accounting. As against the PWC defendants, the Trustee asserted causes of action for common-law fraud, negligent misrepresentation, professional negligence (malpractice), breach of contract, and aiding and abetting breach of fiduciary duty. Both complaints asserted against all of the defendants a cause of action for contribution and indemnification for the approximately $200 million consent judgment the funds paid to the Madoff Trustee in settlement of the Madoff Securities clawback claim.

Notably, contrary to the allegations asserted against the funds' manager and administrators in the original derivative complaints, both complaints state that "[t]he Fund was not a culpable participant in the Ponzi scheme, and did not know of the scheme prior to its December 11, 2008 disclosure."

The Citco defendants and both PWC defendants moved to dismiss the amended complaints pursuant to CPLR 3211, based on the doctrine of in pari delicto. In addition, the PWC defendants sought dismissal based on the forum selection clauses in their administrator agreements with the funds.

Supreme Court granted the dismissal motions. In so doing, the court rejected plaintiff's claim that the internal affairs doctrine requires the application of Delaware law to this litigation and concluded that the in pari delicto doctrine, as interpreted by New York courts, requires dismissal of the claims. The court also rejected plaintiff's assertion of various exceptions to the doctrine. As for the indemnification claims, the court found that these are untenable since plaintiff cannot show that it has "committed no wrong" and cannot show it received the contractually required written consent from the Citco defendants to indemnify the funds. The court also found that the forum selection clause in defendant PWC Netherlands' agreement is mandatory and requires those claims to be heard in Amsterdam. We now affirm.

■ The parties contend that either Delaware law or New York law should be applied to this litigation. Plaintiff argues that under the internal affairs doctrine, Delaware law governs this matter, including the in pari delicto analysis. Specifically, plaintiff urges that the claims in these actions involve the internal affairs of the funds which are Delaware partnerships,

and that under Delaware law, the claims against the PWC defendants are not barred by the in pari delicto doctrine. However, plaintiff's argument fails.

The internal affairs doctrine is a "conflict of laws principle which recognizes that only one State should have the authority to regulate a corporation's internal affairs—matters peculiar to the relationships among or between the corporation and its *current* officers, directors, and shareholders—because otherwise a corporation could be faced with conflicting demands" (*Edgar v MITE Corp.*, 457 US 624, 645 [1982] [emphasis added]; *see also Culligan Soft Water Co. v Clayton Dubilier & Rice LLC*, 118 AD3d 422 [1st Dept 2014]). Stated another way, "[u]nder the internal affairs doctrine, claims concerning the relationship between the corporation, its directors, and a shareholder are governed by the substantive law of the state or country of incorporation" (*Davis v Scottish Re Group Ltd.*, 138 AD3d 230, 233 [1st Dept 2016]).

However, as the Delaware Chancery Court explained in *Matter of Am. Intl. Group, Inc.* (965 A2d 763, 817 [Del Ch 2009]), the "internal affairs doctrine, although potent, has very specific applications." In particular, the Chancery Court noted that the doctrine only "governs the choice of law determinations involving matters *peculiar* to corporations, that is, those activities concerning the relationships *inter se* of the corporation, its directors, officers and shareholders" (965 A2d at 817 [internal quotation marks omitted]). Accordingly, "[s]ince the internal affairs doctrine does not apply to those defendants who are not current officers, directors, and shareholders" of the plaintiff corporation (*Culligan Soft Water Co.*, 118 AD3d at 422), as none of the instant defendants are with respect to the funds, the internal affairs doctrine does not apply to the claims asserted against defendants.

Notably, and especially relevant to this case, in *Matter of Am. Intl. Group, Inc.*, the Chancery Court rejected the application of the internal affairs doctrine to claims against PWC, stating that "[a]lthough PWC's role as an auditor relates to the internal affairs of the corporation, PWC was still a contractual agent employed by AIG to carry out certain contractual duties rather than a part of AIG" (965 A2d at 817; *see also QVT Fund LP v Eurohypo Capital Funding LLC I*, 2011 WL 2672092, *7, 2011 Del Ch LEXIS 97, *24 [Mar. 29, 2011, C.A. No. 5881-VCP] [internal affairs doctrine "does not apply where the rights of third parties external to the corporation are at issue, *e.g.*,

contracts and torts"] [internal quotation marks omitted]). We find this reasoning to be persuasive and therefore reject the application of the internal affairs doctrine to the instant defendants who are outside administrators and auditors, i.e. contractual agents or third parties external to the funds.

■ Thus, since Delaware law clearly does not apply here, we apply New York law to these actions. Under New York law, we conclude that application of the in pari delicto doctrine mandates dismissal of all the causes of action save the claims for contribution, which fail on separate grounds not raised before this Court. As the Court of Appeals has explained, "[t]he doctrine of in pari delicto mandates that the courts will not intercede to resolve a dispute between two wrongdoers" (*Kirschner v KPMG LLP*, 15 NY3d at 464). This doctrine "serves important public policy purposes," including "denying judicial relief to an admitted wrongdoer," which "deters illegality," and avoiding "entangling courts in disputes between wrongdoers" (*id.*).

Significantly, under the doctrine, the acts of a corporation's authorized agents, such as its officers, are imputed to the corporation "even if [the] particular acts were unauthorized" (*id.* at 465). "Agency law presumes imputation even where the agent acts less than admirably, exhibits poor business judgment, or commits fraud" (*id.*). Further, "the principle that a wrongdoer should not profit from his own misconduct is so strong in New York that . . . the defense applies even in difficult cases and should not be weakened by exceptions" (*id.* at 464 [internal quotation marks omitted]).

However, an "adverse interest" exception to imputation exists where the agent has "*totally abandoned* his principal's interests and [is] acting *entirely* for his own or another's purposes" (*id.* at 466 [internal quotation marks omitted]). This "most narrow of exceptions" is reserved for those cases in which "the insider's misconduct benefits only himself or a third party; i.e., where the fraud is committed *against* a corporation rather than on its behalf" (*id.* at 466-467).

In this case, plaintiff's claims are precluded under the doctrine of in pari delicto. As the funds' bankruptcy trustee, plaintiff stands in the funds' shoes, and is subject to a defense based on the in pari delicto doctrine to the same extent as the funds (*see In re MF Global Holdings Ltd. Inv. Litig.*, 998 F Supp 2d 157, 189-191 [SD NY 2014] [applying the New York in pari delicto doctrine to claim against auditor brought by trustee

appointed under Securities Investor Protection Act]; *Buechner v Avery*, 38 AD3d 443, 444 [1st Dept 2007] ["the trustee was precluded from bringing the above tort claims by the doctrine of in pari delicto based upon the cooperation of the management of the bankrupt corporation with defendant third parties in committing the alleged wrongs"]). Thus, the doctrine "prevents the trustee from recovering in tort if the corporation, acting through authorized employees in their official capacities, participated in the tort" (*MF Global Holdings*, 998 F Supp 2d at 189).

While a claim of in pari delicto sometimes requires factual development and is therefore not amenable to dismissal at the pleading stage (*see Gatt Communications, Inc. v PMC Assoc., L.L.C.*, 711 F3d 68, 80-81 [2d Cir 2013]), the doctrine can apply on a motion to dismiss in an appropriate case (*Kirschner*, 15 NY3d at 459 n 3), such as where its application is "plain on the face of the pleadings" (*Matter of Bernard L. Madoff Inv. Sec. LLC*, 721 F3d 54, 65 [2d Cir 2013]).

Here, it is undisputed that the derivative complaints in these actions pleaded extensive wrongdoing on the part of the funds' management. In particular, the complaints pleaded that the fund defendants, which included the various Fairfield Greenwich Group affiliates that managed the funds, their individual directors, and the funds' outside administrators including the Citco defendants, received "hefty" management fees for their experience in selecting and monitoring fund managers, and touted their due diligence "while issuing false reports to investors presenting nonexistent, or, at the very least, highly inflated, profits, and collecting fees based on such fictitious profits." The complaints further alleged that the general partner "completely abdicated its responsibilities to the Limited Partners and the Fund by failing to perform even minimal due diligence" into the funds' sole custodian, Bernard Madoff Investment Securities, LLC, and, among other things, failed to "safely manage the Fund's assets"; perform due diligence; and investigate red flags regarding BMIS. In alleging demand futility, the complaints pleaded that the funds' general partner faced liability for its "total abrogation of its duty of oversight," and "participated in, approved, or permitted the wrongs alleged herein, concealed or disguised those wrongs, or recklessly or negligently disregarded them."

Plaintiff further contends that the court erred in treating the allegations in the derivative complaints as conclusive against

the Trustee. Plaintiff also attempts to contrast *Kirschner*, claiming that in *Kirschner* the allegations at issue were contained in the operative complaint, thus constituting formal judicial admissions, while here the allegations are at most informal judicial admissions.

However, an informal judicial admission may be found to be a binding declaration of a "representative or predecessor in interest of a party" (Jerome Prince, Richardson on Evidence § 8-201 at 510 [Farrell 11th ed 1995]; *see Matter of Union Indem. Ins. Co. of N.Y.*, 89 NY2d 94, 103 [1996]). In *Morgenthow & Latham v Bank of N.Y. Co.* (305 AD2d 74 [1st Dept 2003], *lv denied* 100 NY2d 512 [2003]), the plaintiff's trustee's allegations made in earlier federal litigation were found by this Court to be informal judicial admissions binding on the plaintiff in the state action. Further, we found such informal judicial admissions to constitute "documentary evidence" within the meaning of CPLR 3211 (a) (1), which "flatly contradicted" the allegations of fraud in the complaint, and justified dismissal of the fraud claim (*id.* at 82). In sum, the motion court properly treated the derivative allegations against the funds' management as informal judicial admissions binding on the funds and their Trustee in this litigation.

The conclusory, self-serving testimony offered by plaintiff did not disprove the in pari delicto defense. Nor did it create issues of fact precluding dismissal on the pleadings. In particular, plaintiff cites the testimony of PWC Canada partner Patricia Perruzza, who expressed her view that the funds did not engage in fraud, or wrongful or unreasonable conduct. We agree with the motion court that this testimony and other similar testimony cited by plaintiff is "plainly insufficient to establish that the [in pari delicto] defense is without merit."

Plaintiff incorrectly claims that in pari delicto requires "immoral or unconscionable conduct" by the plaintiff, and that negligence is insufficient. Rather, the true focus of the in pari delicto doctrine is whether the defendant's wrongdoing is at least equal to that of the plaintiff's. Indeed, the case incompletely quoted by plaintiff actually provides that in pari delicto "requires immoral or unconscionable conduct that makes the wrongdoing of the party against which it is asserted at least equal to that of the party asserting it" (*Stahl v Chemical Bank*, 237 AD2d 231, 232 [1st Dept 1997]). The Court of Appeals, in *Kirschner*, further expounded that "[t]he doctrine's full name is in pari delicto potior est conditio defendentis, meaning '[i]n a

case of equal or mutual fault, the position of the [defending party] is the better one' " (15 NY3d at 464 n 4 [citation omitted]). The prior derivative complaints alleged that the funds sustained losses due to the fund defendants' gross, reckless, bad faith, willful and wrongful mismanagement of the funds' assets, and that the fund defendants materially misled the funds. The derivative allegations of the funds' imputed wrongdoing are at least equal to those asserted against the Citco and PWC defendants in the amended complaints.

Nor does it avail plaintiff to argue that because the allegations in the derivative complaints were made "upon information and belief," they do not constitute judicial admissions. The introductory paragraphs of the derivative complaints provide that the allegations are made upon information and belief "based upon, *inter alia*, the investigation conducted by Plaintiff's counsel, including a review of [funds manager] Fairfield Greenwich Group's publicly issued press releases, interviews with its former employees, the Confidential Offering Memorandum for [the funds], and press articles." However, crucially, the derivative complaints go on to extensively detail, inter alia, how the funds' manager (and its individual officers or directors) represented that it would follow certain due diligence practices, but that it failed to establish and implement adequate controls, and engaged in gross mismanagement, resulting in its failure to ascertain Madoff's fraud, to the detriment of the funds. Thus, the derivative allegations are not fairly characterized as "information and belief" allegations, because they are factual in nature, highly detailed, and are not consistent with the lack of direct knowledge that are ordinarily found in allegations that are truly made on information and belief.

According to plaintiff, the derivative allegations could only bind the derivative plaintiffs and not bind the funds, which were the real parties in interest in the derivative actions. This contention is meritless. Contrary to plaintiff's contention, the "real party in interest" rule "is one of substantive law intended to protect one being sued from having to defend against the same claim a second time because someone other than the petitioner or plaintiff was the owner of the claim and therefore the only person entitled to sue" (*Patel v MacArthur*, 137 Misc 2d 104, 109 [City Ct, Oswego County 1987]). Moreover, "[d]erivative claims against corporate directors belong to the corporation itself" (*Marx v Akers*, 88 NY2d 189, 193 [1996]

[internal quotation marks omitted]). Thus, this rule does not support plaintiff's position.

None of the exceptions to the doctrine asserted by plaintiff are applicable. First, plaintiff unpersuasively invokes the "adverse interest" exception to in pari delicto. Specifically, plaintiff asserts that even if the funds' management were deemed to have engaged in misconduct, such misconduct would have benefitted the funds' management at the funds' expense. Application of this narrow exception is not warranted since the funds' management was not acting entirely for its own interest; rather, its conduct enabled the funds to continue to survive and to attract investors (*Kirschner*, 15 NY3d at 466; *Concord Capital Mgt., LLC v Bank of America., N.A.*, 102 AD3d 406 [1st Dept 2013], *lv denied* 21 NY3d 851 [2013]).

Plaintiff next asserts that the court misapplied the "insider" exception to in pari delicto which bars an entity's insiders from invoking the in pari delicto doctrine (*see Matter of Bernard L. Madoff Inv. Sec. LLC*, 458 BR 87, 123 [Bankr SD NY 2011], *lv denied* 464 BR 578 [SD NY 2011]). Plaintiff argues, as it did below, that Citco was an insider of the funds by virtue of the fact that a managing partner of a Citco affiliate, Brian Francouer, was at one time a director of the funds' general partner. The motion court correctly rejected this argument. Plaintiff's bare allegation is undoubtedly an insufficient basis on which to attribute insider status to any of the Citco defendants or to transform the claims pleaded against the third parties into claims against the funds' insiders.

Nor is there merit to plaintiff's contention that the "innocent successor" exception to in pari delicto bars that defense against it. Regardless of the Trustee's innocence, it is subject to Bankruptcy Code section 541, which prevents such trustees from bringing any suit that the corporation could not have brought pre-petition. In other words, since the funds could not bring these suits, the Trustee is barred from doing so. Further, the Court of Appeals, in *Kirschner*, declined to view the in pari delicto doctrine in a manner that would permit a litigation trustee's claims against third-party auditors to proceed (*see MF Global Holdings*, 998 F Supp 2d at 190-191 [applying *Kirschner* to bar claim against auditor brought by Trustee]). We find no basis to hold that Bankruptcy Code section 541 does not subject plaintiff to an in pari delicto defense, as urged by plaintiff. In any event, plaintiff Trustee stands in the shoes of the funds regardless of being an innocent successor.

■ Plaintiff also challenges the court's dismissal of its claims for implied and contractual indemnification, arising out of the funds' settlement of Madoff Securities' clawback claims with the Madoff Trustee. Plaintiff hinges its argument on the assertion that the derivative complaints made no admissions of wrongdoing. However, plaintiff may not pursue its claims for implied indemnification, since its assertion that it is innocent of any wrongdoing has already been thoroughly discussed and discounted (*Glaser v Fortunoff of Westbury Corp.*, 71 NY2d 643, 646-647 [1988] [a party may not obtain implied indemnification unless the party has "committed no wrong" or is "not . . . responsible in any degree"] [internal quotation marks omitted]). Therefore, the motion court properly dismissed these claims.

■ As to the contractual indemnification claim, plaintiff maintains that Citco was notified of the settlement, and never opposed it. However, the relevant agreements required prior written consent from Citco for any indemnification, and plaintiff does not, and cannot credibly, assert that Citco's failure to object to the settlement was a sufficient substitute for the prior written consent. Accordingly, the contractual indemnification claims were appropriately dismissed.

The forum selection clause in PWC Netherlands's contract with the funds provides that "[u]nless the parties expressly agree otherwise in writing, all disputes between the Client and the Contractor relating to this Contract will be referred to the competent District Court of Amsterdam." Plaintiff argues that this forum selection clause is permissive, not mandatory; is not binding on the Trustee, since the funds' manager is the "Client" who commissioned the engagement; PWC Netherlands waived its rights under the forum selection clause by actively litigating in New York; and litigating in Amsterdam would be unreasonable.

■ These arguments are unavailing. First, the language in the clause requiring a written agreement in order to litigate in a forum *other* than Amsterdam is unequivocal and indicative of the mandatory nature of the parties' agreement (*see Boss v American Express Fin. Advisors, Inc.*, 6 NY3d 242, 246 [2006]). Moreover, plaintiff does not allege that the parties so agreed in writing. Second, the Trustee is bound by the clause, because it stands in the shoes of the funds. Third, PWC Netherlands did not unreasonably delay in seeking dismissal under the forum selection clauses. Finally, plaintiff cites no compelling reason

why litigation in Amsterdam would be unreasonable, particularly given that related litigation is already pending there against PWC Netherlands. Therefore, the claims by plaintiff against PWC Netherlands were properly directed to be heard in Amsterdam.

Accordingly, the order of the Supreme Court, New York County (Marcy S. Friedman, J.), entered May 27, 2014, which, to the extent appealed from, granted defendants-respondents' motions to dismiss the complaints pursuant to CPLR 3211 (a) (1) and (7), should be affirmed, with costs.

ANDRIAS, MANZANET-DANIELS, KAPNICK and GESMER, JJ., concur.

Order, Supreme Court, New York County, entered May 27, 2014, affirmed, with costs.