Eccles v Shamrock Capital Advisors, LLC (2022 NY Slip Op 05750)

Eccles v Shamrock Capital Advisors, LLC

2022 NY Slip Op 05750

Decided on October 13, 2022

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: October 13, 2022

Before: Renwick, J.P., Friedman, Singh, Shulman, Higgitt, JJ. 

Index No. 651223/20 Appeal No. 16434 Case No. 2022-00866 

[*1]Nigel John Eccles et al., Plaintiffs-Respondents,
v
Shamrock Capital Advisors, LLC, et al., Defendants-Appellants.

Proskauer Rose LLP, New York (Jonathan Weiss of counsel), for Shamrock Capital Advisors, LLC, Shamrock Capital Growth Fund III, LP, Shamrock FanDuel Co-Invest LLC and Shamrock FanDuel Co-Invest II, LP, appellants.
Quinn Emanuel Urquhart & Sullivan, LLP, New York (Ellison Ward Merkel of counsel), for KKR & Co., Inc., Fan Investor Limited and Fan Investors L.P., appellants.
Gibson, Dunn & Crutcher LLP, New York (Mark A. Kirsch of counsel), for Michael LaSalle, Andrew Cleland, Matthew King, David Nathanson, Edward Oberwager, Carl Vogel, Fastball Holdings LLC, Fastball Parent 1 Inc., Fastball Parent 2 Inc., PandaCo, Inc., FanDuel Inc. and FanDuel Group, Inc., appellants.
Harris St. Laurent & Wechsler LLP, New York (Evan W. Bolla of counsel), and Bartlit Beck LLP, Chicago, IL (Nevin M. Gewertz of the bar of the State of Illinois admitted pro hac vice, of counsel), for respondents.

Order, Supreme Court, New York County (Andrea Masley, J.), entered on or about January 18, 2022, which, to the extent appealed from as limited by the briefs, denied (1) the motion by defendants Michael LaSalle, Edward Oberwager, Andrew Cleland, Matthew King, Carl Vogel, David Nathanson, Fastball Holdings LLC, Fastball Parent 1 Inc., Fastball Parent 2 Inc., PandaCo, Inc., FanDuel Inc., and FanDuel Group, Inc. to dismiss the first cause of action (breach of fiduciary duty as against King, Cleland, Oberwager, LaSalle, Vogel, and Nathanson), the second cause of action (breach of fiduciary duty as against King), and the fourth cause of action (aiding and abetting breach of fiduciary duty as against KKR & Co., Inc., Fan Investor Ltd., Fan Investors L.P., Shamrock Capital Advisor, LLC, Shamrock Capital Growth Fund III, LP, Shamrock FanDuel Co-Invest LLC, and Shamrock FanDuel Co-Invest II LP) (the KKR/Shamrock defendants); and (2) the motion by the KKR/Shamrock defendants to dismiss the fourth cause of action, unanimously reversed, on the law, with costs, and the motions granted, with costs. The Clerk is directed to enter judgment dismissing the complaint.
The first and second causes of action, both of which allege breach of fiduciary duty by directors and officers of FanDuel, are governed by Scots law. FanDuel is a Scottish company, incorporated in Scotland, and under the so-called internal affairs doctrine, relationships between a company and its directors and shareholders are generally governed by the substantive law of the jurisdiction of incorporation (see Davis v Scottish Re Group Ltd., 30 NY3d 247, 253 [2017]; cf. Hart v General Motors Corp., 129 AD2d 179, 184-185 [1st Dept 1987], lv denied 70 NY2d 608 [1987]). Contrary to plaintiff's argument otherwise, defendants did not consent to New York law. For one thing, the record shows that at the May 2018 FanDuel board meeting, it was made clear to the directors that they were bound by their duties under the United Kingdom Companies Act of 2006 (see id. at 184-185). What is more,defendants submitted ample evidence sufficient to prove the substance of Scots law (see Bank of N.Y. v Norilsk Nickel, 14 AD3d 140, 149 [1st Dept 2004], appeal dismissed 4 NY3d 843 [2005], lv dismissed 4 NY3d 846 [2005]).
We reject plaintiff's argument that the internal affairs doctrine applies only to officers and directors at the time of the lawsuit. Rather, the question is whether defendants were "current officers [or] directors" (Edgar v MITE Corp., 457 US 624, 645 [1982], citing Restatement [Second] of Conflict of Laws § 302, Comment b) at the time of the events giving rise to the lawsuit (see Mason-Mahon v Flint, 166 AD3d 754, 756 [2d Dept 2018] [applying the internal affairs doctrine to a lawsuit against current and, at the time of suit, former officers and directors]; see also e.g. KDW Restructuring & Liquidation Servs. LLC v Greenfield, 874 F Supp 2d 213, 221 [SD NY 2012] [applying New York law]; City of Harper Woods [*2]Employees' Retirement Sys. v Olver, 589 F3d 1292, 1298-1299 [DC Cir 2009] [applying District of Columbia law and Restatement [Second] of Conflict of Laws]). Application of the doctrine to former directors protects the parties' justified expectations, promotes uniformity and predictability of outcome, and prevents different laws from applying to different directors who all engaged in the same challenged transaction simply because of the date on which plaintiff chose to sue (see Hart, 129 AD2d at 184; Restatement [Second] of Conflict of Laws § 302, Comments b and e). To the extent our past decisions could be interpreted as suggesting otherwise we clarify that the internal affairs doctrine applies to an officer or director at the time of the conduct at issue (see New Greenwich Litig. Trustee, LLC v Citco Fund Servs. [Europe] B.V., 145 AD3d 16, 22 [1st Dept 2016], lv denied 29 NY3d 917 [2017]; Culligan Soft Water Co. v Clayton Dubilier & Rice LLC, 118 AD3d 422, 422 [1st Dept 2014], quoting Edgar, 457 US at 645).
As to the merits, plaintiffs have failed to state a claim for breach of fiduciary duty under Scots law, as Scots law states that directors generally owe fiduciary duties only to their company, not to its shareholders. While a director may owe a fiduciary duty to a shareholder in special circumstances, such circumstances are not present here.
Scots law does not apply to the aiding and abetting cause of action, as the internal affairs doctrine does not apply to aiding and abetting claims (see New Greenwich Litig. Trustee., 145 AD3d at 22). Nevertheless, the cause of action alleging aiding and abetting a breach of fiduciary nonetheless fails because there is no underlying breach of fiduciary duty (see McBride v KPMG Intl., 135 AD3d 576, 579 [1st Dept 2016]; Global Mins. & Metals Corp. v Holme, 35 AD3d 93, 101 [1st Dept 2006], lv denied 8 NY3d 804 [2007]).
We have considered plaintiff's remaining contentions and find them unavailing.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: October 13, 2022