**CEDE & CO., Cinerama, Inc.**

v.

**TECHNICOLOR, INC., et al.**

Supreme Court of Delaware.

Feb. 24, 1994.

Arthur L. Dent, Wilmington, DE, for Cede & Co., Cinerama, Inc.

Rodman Ward, Stephen E. Herrmann, Wilmington, DE, for Technicolor, Inc., et al.

Upon Motion for Reargument

Cinerama seeks reargument of this Court's January 18, 1994 decision, 634 A.2d 345, following return from remand to the Court of Chancery. We requested the court to clarify its reasoning for its ruling that the Technicolor directors' failure to inform its shareholders of Director Ryan's self-interest in the merger did not constitute a breach of the directors' duty of disclosure. Because we found the court to have employed the materiality analysis standard of *Rosenblatt v. Getty Oil Co.*, Del.Supr., 493 A.2d 929 (1985), in reaching its finding, we affirmed the court's disclosure ruling as the product of a logical and deductive reasoning process and correct as a matter of law.

On motion for reargument, Cinerama argues that, this Court having found Director Ryan's self-interest to be material, the board's failure to disclose such material interest to its shareholders was a breach of its duty of disclosure as a matter of law. Cinerama asserts that "material self interest amounting to lack of objectivity by a director-fiduciary voting on a merger transaction is legally always a material fact which must be disclosed ... especially in this case where the corporate charter mandated a unanimous vote...."

The premise for Cinerama's argument of legal error is misplaced. Cinerama assumes that this Court has now found Ryan's undisclosed self-interest to be material. The apparent basis for that assumption is the following statement in our January 18, 1994 ruling: "We therefore affirm the court's find-

ing that the defendant directors did not breach their duty of disclosure to the Technicolor shareholders in failing to disclose Ryan's material self-interest in the transaction." In retrospect, we should have said "assumed" material self-interest.

This Court's decision on reargument is not premised on a *finding*, either by this Court or by the trial court, that Ryan's self-interest was, in fact, material. As the record bears out, the trial court made no such finding. We so indicated in our original decision, *see* 634 A.2d at 372 and 362 n. 30. There we stated, " . . . we find that we must remand for further consideration of the Chancellor's purported findings with respect to the lack of materiality of Ryan's apparently undisclosed self-interest."

We did not find any error of law in the trial court's formulation of the first part of the materiality test, *id.* at 362–64, and we affirmed the Chancellor's ruling that Cinerama had "retained the burden of proof of showing that the alleged nondisclosures [of the director defendants] were material, as defined under *Rosenblatt*, 493 A.2d at 944–45." 634 A.2d at 372.

Our remand of the disclosure issue with respect to Director Ryan and his undisclosed self-interest was for a limited purpose. We asked the Chancellor to clarify whether Ryan's self-interest "was rendered immaterial by the Technicolor board's unanimous approval of the transaction" or was rendered immaterial "upon a traditional analysis regarding the hypothetical effect of a failure to disclose a material fact upon a reasonable shareholder's 'total mix' of information through a *Rosenblatt* analysis." 634 A.2d at 372. Since we had not previously found Ryan's self-interest to be material, we did not mean to imply in our decision following remand either a contrary finding or that the trial court found Ryan's self-interest to be material.

■ We must defer to the factfinder on a mixed question of fact and law, as to which reasonable minds may differ on the question of materiality. *See TSC Industries, Inc. v. Northway Inc.*, 426 U.S. 438, 96 S.Ct. 2126, 48 L.Ed.2d 757 (1976). The Chancellor's reasoning that Ryan's hope or expectation of employment "would certainly not have been thought [to be] very important . . . to a shareholder asked to decide whether to accept or reject the MAF offer" must be sustained under *Levitt v. Bouvier*, Del.Supr., 287 A.2d 671 (1972), and is not erroneous as a matter of law.

■ However, Cinerama is correct in arguing that any analysis of the disclosure issue requires consideration of the Technicolor charter requirement of director unanimity—for approval of a sale of the company to be ratified by less than 95 percent of the issued and outstanding shares of the corporation. *See* 634 A.2d at 365–66. We conclude that Technicolor's charter requirement of director unanimity must be taken into consideration in determining whether Ryan's undisclosed self-interest would have been material to a reasonable shareholder. We also conclude that that issue should be addressed in the first instance by the trial court. Therefore, we remand the disclosure issue to the trial court for the limited purpose of addressing the question of the materiality of Ryan's nondisclosure in the context of Technicolor's charter requirement of director unanimity.

In this respect only, we modify our decision dated January 18, 1994, and otherwise deny Cinerama's motion for reargument.

\*     \*     \*

Remanded, without jurisdiction reserved and with mandate to issue forthwith.