■ Alvin Broome et al., Appellants, v ML Media Opportunity Partners L.P. et al., Respondents. Joseph Bendas et al., Appellants, v ML Media Partners L.P. et al., Defendants-Respondents. [709 NYS2d 59] —Order, Supreme

Court, New York County (Charles Ramos, J.), entered March 4, 1999, which granted defendants' motions to dismiss the complaints in these two consolidated actions, unanimously affirmed, without costs.

Plaintiffs in the second action, the Bendas plaintiffs, a group of limited partners in a Delaware public limited partnership, lack standing, under both New York and Delaware law, to assert individual or class action claims for breach of contract and breach of fiduciary duty against the partnership, the general partner and the entities controlling the general partner, for the wrongful deferral of management fees and payment of such fees out of the proceeds of the sale of partnership assets, since the claims are derivative in nature, in that they allege no more than the mismanagement and diversion of assets, and do not implicate any injury to plaintiffs distinct from the harm to the partnership (*see*, *Kramer v Western Pac. Indus.*, 546 A2d 348, 354 [Del]; *Strain v Seven Hills Assocs.*, 75 AD2d 360, 369-370).

However, plaintiffs in the first action, the Broome plaintiffs, a group of limited partners in another Delaware public limited partnership, do have standing, since they allege the general partner breached the contractual term in the partnership agreement to return capital contributions to the limited partners if not invested by April 1990 (*cf.*, *Litman v Prudential-Bache Props.*, 611 A2d 12, 15-16 [Del Ct of Ch]). However, since the uninvested capital was to be returned in April 1990, that is the date the claim accrued, the Broome plaintiffs' claims are thus barred as untimely, not having been brought until August 1997. Although a tolling agreement in a prior, discontinued Federal action preserved the timeliness of the claims as against defendants Merrill Lynch & Company and Merrill Lynch, Pierce, Fenner & Smith, Inc., the complaint should nonetheless be dismissed as to those defendants because the Broome plaintiffs have failed to state a cause of action against them. It is acknowledged by plaintiffs in their complaint that the Merrill Lynch entities returned $23.6 million to the partnership for distribution to the limited partners, which represents the $18.5 million of capital that was uninvested, plus certain expenses, plus 9% interest. There are no factual allegations in their complaint to meet even the most basic pleading requirements of CPLR 3013 and support the Broome plaintiffs' assertion that $30 million or $32 million should have been returned. Even under the common fund doctrine, the Broome plaintiffs are not entitled to recover attorneys' fees from defendants, over and above the $23.6 million defendants voluntarily paid the limited partners, for purportedly compel-

ling them to return such funds (*see, Proskauer Rose Goetz & Mendelsohn v National Westminster Bank*, 179 AD2d 611, 612). Concur—Williams, J. P., Mazzarelli, Lerner, Andrias and Friedman, JJ.