■ Robert J. Longo, Appellant, v Butler Equities II, L.P., et al., Respondents. [718 NYS2d 30] —Order, Supreme Court, New York County (Ira Gammerman, J.), entered January 7, 1999, which, in an action against a limited partnership and its principals for fraud, breach of fiduciary duty, accounting and related claims arising out of plaintiff's losses in his investment in the partnership, granted defendants' motion to dismiss the complaint, and denied plaintiff's cross motion to amend the complaint, unanimously affirmed, without costs.

Plaintiff's allegations of fraud are deficient first because the alleged misrepresentations that the target company was seriously undervalued and could be profitably broken up, and that partnership investors would be "in and out" in not more than one year, can only be understood as nonactionable expressions of opinion, mere puffing (*see*, *DH Cattle Holdings Co. v Smith*, 195 AD2d 202, 208). There are no allegations that the target company was not undervalued, and it is undisputed that its stock did rise, for a while, soon after defendants became involved in its management. Moreover, plaintiff's claims that he was told that investors would be in and out within one year and that his letter of credit would stand only as collateral are contradicted by the express terms of the limited partnership agreement. Nor can plaintiff claim reliance given documentary evidence showing that he was an "Accredited Investor" within the meaning of the Federal securities laws, and that he had accepted the risk of a speculative investment based on his independent investigation and without reliance on any representations by the general partner, its affiliates, employees, or agents or from seminars or meetings.

Nor does plaintiff show fraud with the specificity required by CPLR 3016 (b) in alleging that since defendants had accepted unsecured promissory notes rather than bona fide, cash-like contributions from investors they controlled, their representations that they would acquire a controlling interest in the target company through a majority stock position, and that they had acquired the requisite capital to trigger the agreement to invest, were false. Since the limited partnership agree-

ment called for capital commitments of $35.7 million, it is undisputed that defendants purchased over $30 million of stock in the target company, and no allegation is made that a controlling interest in the target company would have been acquired had another $5.7 million of stock been purchased, there appears to be no factual basis for plaintiff's conclusory claim that defendants' acceptance of $16 million in worthless contributions made it impossible for them to acquire a controlling interest in the target company. Nor does plaintiff allege facts identifying the investors who made the allegedly worthless contributions, and showing how defendants controlled them and the basis of plaintiff's belief that their notes were not paid.

The IAS Court correctly rejected plaintiff's other claims, which in the main assert breach of fiduciary duty, on the ground that they are derivative in nature and that plaintiff therefore lacks standing to bring them (*see, Broome v ML Media Opportunity Partners*, 273 AD2d 63; *Kramer v Western Pac. Indus.*, 546 A2d 348, 353 [Del Sup]; *Litman v Prudential-Bache Props.*, 611 A2d 12, 13-14 [Del Ch]). Defendants' alleged failure to collect on the allegedly unsecured notes could only have reduced the value of the partnership's investment in the target company, impacting on plaintiff only insofar as his pro-rata share was concerned, without any direct injury to plaintiff independent of the injury caused to the partnership.

We have considered plaintiff's other arguments and find them unavailing. Concur—Rosenberger, J. P., Williams, Tom, Ellerin and Wallach, JJ.