■ MORGADO FAMILY PARTNERS, LP, et al., Appellants, v KENNETH LIPPER et al., Defendants, and PRICEWATERHOUSECOOPERS LLP, Respondent. ROBERT A. WILLIAMSON, Nonparty Respondent. [800 NYS2d 128]—

Order, Supreme Court, New York County (Karla Moskowitz, J.), entered November 18, 2004, which, insofar as appealed from, stayed a part of plaintiffs' claims against defendant-respondent, unanimously affirmed, with costs.

This is a putative class action by limited partners against, inter alia, the limited partnership's auditor for professional malpractice in failing to detect overvaluation of the partnership's assets and the general partner's consequent taking of excessive incentive compensation. Under the partnership agreement, incentive compensation was to be charged against the capital account of each limited partner and credited to the general partner's incentive compensation account as a partnership expense and not a distribution of profits. Plaintiff limited partners also allege that defendant-respondent auditor's false statements that the partnership's financial statements fairly presented the partnership's financial condition caused them to purchase or maintain their interests in the partnership.

The motion court properly stayed the action insofar as it relates to the alleged excessive incentive compensation, since the limited partners' claims in that regard are the same as those made by the partnership's liquidating trustee in his own action against the auditor, and judicial economy will be served if only one lawsuit proceeds (*see Asher v Abbott Labs.*, 307 AD2d 211 [2003]). If the stayed claims were definitely direct, not deriva-

tive, i.e., if only the limited partners, not the trustee, had standing to sue the auditor on those claims, then the stay would have been improper; however, such is far from clear. The partnership agreement's characterization of incentive compensation as a partnership expense suggests that plaintiffs' claims are derivative (*see Broome v ML Media Opportunity Partners*, 273 AD2d 63 [2000] [fee paid from sale of partnership assets, i.e., property that belonged to both general partners and limited partners]). On the other hand, the agreement's provision that only the limited partners were to pay incentive compensation, and the partnership's financial statements, which were audited and sent to the limited partners, stating that the incentive fee "was treated as an allocation of income from the limited partners to the General Partner," suggest that plaintiffs' claims are direct (*see Lichtyger v Franchard Corp.*, 18 NY2d 528 [1966]; *Matter of Brandt*, 81 AD2d 268, 279-281 [1981]).

Similarly, if the trustee's claims against the auditor were definitely barred by the doctrine of in pari delicto (*see Wight v Bankamerica Corp.*, 219 F3d 79, 86-87 [2d Cir 2000] [a trustee cannot assert a claim against a third party where management cooperated with the third party in committing the alleged wrong]), and if the trustee's lack of standing operated to give plaintiffs standing (*but see Primavera Familienstiftung v Askin*, 1996 WL 494904, \*12-14, 1996 US Dist LEXIS 12683, \*34-41 [SD NY, Aug. 30, 1996], *on rearg mod on other grounds* 1996 WL 580917, 1996 US Dist LEXIS 14845 [SD NY, Oct. 9, 1996]), then plaintiffs' claims should not have been stayed. However, it is unsettled that in pari delicto can ever apply against an innocent, nonbankruptcy trustee (*see Federal Deposit Ins. Corp. v O'Melveny & Myers*, 61 F3d 17, 19 [9th Cir 1995]), and even if it could, it is not clear at this preanswer, prediscovery stage of the litigation whether it would apply to this trustee's claims (*see Capital Wireless Corp. v Deloitte & Touche*, 216 AD2d 663, 666-667 [1995]). We have considered plaintiffs' other arguments and find them unavailing. Concur—Tom, J.P., Andrias, Sullivan and Sweeny, JJ. [*See* 6 Misc 3d 1014(A), 2004 NY Slip Op 51791(U).]