JACK BUECHNER et al., Appellants, v ALLAN R. AVERY et al., Respondents. [836 NYS2d 443]—

Judgment, Supreme Court, New York County (Helen E. Freedman, J.), entered April 19, 2006, dismissing the complaint, pursuant to an order of said court and Justice dated April 6, 2006, which granted defendants' motions pursuant to CPLR 3211, unanimously affirmed, with costs.

This is an action by shareholders and the bankruptcy trustee seeking to recover for the alleged misappropriation by insiders and others of the corporation's intellectual property, which had been collateral for a loan the corporation allegedly could not afford to repay and was obtained by the lender through strict foreclosure.

The motion court properly determined that the shareholder claims were derivative (*see Tooley v Donaldson, Lufkin & Jenrette, Inc.*, 845 A2d 1031 [Del 2004]). The reasonable reliance element for the fraud claims was lacking as belied by the knowledge, access to information and participation in the subject transactions by the corporations' controlling shareholder (*see Global Mins. & Metals Corp. v Holme*, 35 AD3d 93 [2006], *lv denied* 8 NY3d 804 [2007]). The complaint conceded that defendant insiders' conflict of interest was disclosed to the controlling shareholder; such disclosure provided them a ''safe harbor'' (*see Cede & Co. v Technicolor, Inc.*, 634 A2d 345, 365 [Del 1993], *mod in other respects* 636 A2d 956 [Del 1994]). The claim for tortious interference with contract was not viable absent an enforceable contract (*see Lama Holding Co. v Smith*

*Barney*, 88 NY2d 413, 424 [1996]), since the letter of intent expressly provided that it was not binding except with respect to certain clauses not at issue (*see Aksman v Xiongwei Ju*, 21 AD3d 260, 261-262 [2005], *lv denied* 5 NY3d 715 [2005]). The claim for tortious interference with prospective business relations based on the anticipated benefits from a proposed merger that did not take place was not viable because the letter of intent set forth several conditions precedent which plaintiffs failed to allege would have been satisfied "but for" defendants' allegedly wrongful conduct (*see Vigoda v DCA Prods. Plus*, 293 AD2d 265, 266 [2002]); notably, the bankruptcy filing, based on the decision of the controlling shareholder and the board of directors, intervened.

Moreover, the trustee was precluded from bringing the above tort claims by the doctrine of in pari delicto based upon the cooperation of the management of the bankrupt corporation with defendant third parties in committing the alleged wrongs (*see Morgado Family Partners, LP v Lipper*, 19 AD3d 262, 263 [2005]; *Shearson Lehman Hutton, Inc. v Wagoner*, 944 F2d 114, 118-119 [1991]); the "narrow" exception to such rule (*see Wight v BankAmerica Corp.*, 219 F3d 79, 87 [2000]) was not implicated since it was not alleged that the wrongdoing corporate agent "totally abandoned" the corporation's interests (*see In re Bennett Funding Group, Inc.*, 336 F3d 94, 100 [2003]). The trustee's fraudulent conveyance claims were untimely (Bankruptcy Code [11 USC] § 546; *In re Everfresh Beverages, Inc.*, 238 BR 558, 572-573 [1999]; *cf. Lippe v Bairnco Corp.*, 225 BR 846, 853 [1998], *affd* 99 Fed Appx 274 [2004]), and, in any event, were waived by the trustee's countersigning with "no objection" to the notice of strict foreclosure.

We have considered plaintiffs' other contentions and find them unavailing. Concur—Tom, J.P., Williams, Buckley, Gonzalez and Sweeny, JJ.