# IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

| | |
|---|---|
| IN RE: ASBESTOS LITIGATION )<br><br>DANIELLE TETTEH, Individually )<br>and as Administrator of the Estate )<br>of DANIEL L. JONES, deceased, )<br><br>Plaintiff, )<br><br>v. )<br><br>ALCATEL-LUCENT USA, INC., )<br>*et al.,* )<br><br>Defendants. ) | C.A. No. N14C-08-023 ASB |

Submitted: September 15, 2016
Decided: October 25, 2016

## ORDER

*Upon Plaintiff's Rule 59(e) Motion for Reargument and/or Reconsideration of
August 31, 2016 Order Granting Defendant AT&T Corp.'s
Motion for Summary Judgment.* **DENIED.**

AND NOW this 25th day of October, 2016, upon consideration of Plaintiff's

Motion for Reargument and/or Reconsideration of this Court's August 31, 2016

Order Granting Defendant AT&T Corp.'s Motion for Summary Judgment and the

response thereto, **IT IS HEREBY ORDERED** that the Motion for Reargument

and/or Reconsideration is **DENIED** for the following reasons:

1.      A motion for reargument under Delaware Superior Court Civil Rule

59(e) permits the Court to reconsider "its findings of fact, conclusions of law, or

judgment."[1]  "Delaware law places a heavy burden on a [party] seeking relief pursuant to Rule 59."[2]  To prevail on a motion for reargument, the movant must demonstrate that "the Court has overlooked a controlling precedent or legal principles, or the Court has misapprehended the law or facts such as would have changed the outcome of the underlying decision."[3]  Further, "[a] motion for reargument is not a device for raising new arguments,"[4] nor is it "intended to rehash the arguments already decided by the court."[5]  Such tactics frustrate the interests of judicial efficiency and the orderly process of reaching closure on the issue.[6]  The moving party has the burden of demonstrating "newly discovered evidence, a change of law, or manifest injustice."[7]

2.      Plaintiff argues in her Motion that this Court "misapprehended the law and/or facts" and this misapprehension would have changed the outcome of the

---

[1] *Hessler, Inc. v. Farrell*, 260 A.2d 701, 702 (Del. 1969). *See also Bd. of Managers of the Del. Criminal Justice Info. Sys. v. Gannett Co.*, 2003 WL 1579170, at *1 (Del. Super. Jan. 17, 2003), *aff'd in part, Gannett Co. v. Bd. of Managers of the Del. Criminal Justice Info. Sys.*, 840 A.2d 1232 (Del. 2003); *Cummings v. Jimmy's Grille, Inc.*, 2000 WL 1211167, at *2 (Del. Super. Aug. 9, 2000).

[2] *Kostyshyn v. Comm'rs of Bellefonte*, 2007 WL 1241875, at *1 (Del. Super. Apr. 27, 2007).

[3] *Bd. of Managers of the Delaware Criminal Justice Info*, 2003 WL 1579170, at *1.

[4] *Id.*

[5] *Kennedy v. Invacare Corp.*, 2006 WL 488590, at *1 (Del. Super. Jan. 31, 2006).

[6] *See Plummer v. Sherman*, 2004 WL 63414, at *2 (Del. Super. Jan. 14, 2004).

[7] *E.I. du Pont de Nemours & Co. v. Admiral Ins. Co.*, 711 A.2d 45, 55 (Del. Super. 1995).

Court's ruling on Defendant AT&T Corp.'s Motion for Summary Judgment. Specifically, Plaintiff contends that, "[W]here mixed questions of law and fact exist, the Court must defer to the jury."[8] Therefore, Plaintiff argues the Court misapprehended the law when the Court found that Plaintiff failed to present evidence of genuine issues of material fact as to whether Defendant negligently undertook to render workplace health and safety services under § 324A of the Restatement (Second) of Torts and Georgia law.[9] Furthermore, Plaintiff raises a new argument in her Motion regarding subsequent remedial measures.[10] This argument posits that Defendant's subsequent remedial efforts (*e.g.*, abating asbestos-containing products in what Plaintiff's refer to as the "The Bell System") manifest Defendant's control over "The Bell System" and—impliedly—over Western Electric Company (WECO), Mr. Jones' employer.

---

[8] Plaintiff's Rule 59(e) Motion for Reargument and/or Reconsideration of August 31, 2006 Order Granting Defendant AT&T Corp.'s Motion for Summary Judgment [hereinafter "Pl. Motion"] at 2, N14C-08-023 ASB (Sept. 8, 2016) (citing *Cede & Co. v. Technicolor, Inc.*, 636 A.2d 956, 957 (Del. 1994)).

[9] *See* RESTATEMENT (SECOND) OF TORTS § 324A (1965) ("One who undertakes, gratuitously or for consideration, to render services to another which he should recognize as necessary for the protection of a third person or his things, is subject to liability to the third person for physical harm resulting from his failure to exercise reasonable care to protect his undertaking. . . ."). *See also Huggins v. Aetna Cas. & Sur. Co.*, 264 S.E.2d 191, 192 (Ga. 1980) (adopting § 324A).

[10] *See* Pl. Motion at 5-6.

3

3. Defendant argues that Plaintiff's Motion rehashes the same arguments presented to the Court on Defendant's Motion for Summary Judgment.[11] Moreover, Defendant argues that Plaintiff failed to raise her argument on subsequent remedial measures in her opposition to Defendant's Motion for Summary Judgment.[12] Thus, Defendant contends that this argument is barred from consideration on a Rule 59(e) motion.[13] Alternatively, Defendant maintains that Plaintiff's new argument does not change the outcome of this Court's ruling in favor of summary judgment.

4. Here, Plaintiff has failed to meet her burden of demonstrating the Court either misapprehended the law or facts presented previously on Defendant's Motion for Summary Judgment, much less overlook any controlling precedent. Plaintiff's Motion reargues facts that were presented to the Court in the parties' briefs and at oral argument. Consequently, Plaintiff remains unable to demonstrate how AT&T assumed a legal obligation otherwise owed by Mr. Jones' employer to survive summary judgment.

---

[11] *See* Defendant AT&T Corp.'s Opposition to Plaintiff's Rule 59(e) Motion for Reargument and/or Reconsideration at 1, N14C-08-023 ASB (Sept. 15, 2016).

[12] *See id.* at 5-6.

[13] *See id.* at 6 (citing *In re Asbestos (Taylor)*, N14C-04-009 ASB, at 7-8 (Del. Super. June 28, 2016) (Order); *In re Asbestos (Hudson)*, 2015 WL 5016493, at *1 (Del. Super. Aug. 25, 2015) (Order)).

4

5.     In the Court's August 31, 2016 Order, this Court explained that the existence of a legal duty is a question of law.[14] Relying on Georgia case law that determined whether a legal duty existed at the summary judgment stage, this Court held that Plaintiff failed to offer evidence of a genuine issue of material fact as to whether Defendant "undertook to render services" pursuant to § 324A.[15]

6.     Notwithstanding the above determination, this Court engaged in a thorough review of § 324A's subparts. As to subsection (a), this Court noted that Plaintiff conceded that subsection (a) did not apply to Plaintiff's claim. Even without conceding this argument, there is no evidence that Defendant "affirmatively increased the risk of harm" to Plaintiff's decedent. Next, as to subsection (b), this Court found that the record was void as to any facts that could raise a genuine issue on whether Defendant "completely undertook to perform" workplace health and safety duties that WECO owed to its employees, including Plaintiff's decedent. Finally, as to subsection (c), this Court held that Plaintiff failed to demonstrate any evidence of "actual reliance" by WECO on Defendant's alleged undertaking through Defendant's safety recommendations to WECO.

---

[14] *See Garner & Glover Co. v. Barrett*, 738 S.E.2d 721, 723 (Ga. Ct. App. 2013)).

[15] *See Rasnick v. Krishna Hospitality, Inc.*, 713 S.E.2d 835, 837 (Ga. 2011) (summary judgment); *Barrett*, 738 S.E.2d 721 (same); *Hyde v. Schlotzsky's, Inc.*, 561 S.E.2d 876 (Ga. Ct. App. 2002) (same)).

5

7.     Plaintiff's Motion reargues the same facts that formed the basis of this Court's analysis above. This is precisely prohibited under Rule 59(e).[16] Moreover, Plaintiff cites no new Georgia authority that would support why this Court should reconsider its earlier analysis.

8.     Instead, Plaintiff relies on *Cede & Co. v. Technicolor, Inc.*[17] for the proposition that, where there exist mixed questions of fact and law, summary judgment is not appropriate.[18] However, unlike here, the *Cede* Court was not faced with the question of whether a legal duty existed. Additionally, *Cede* did not involve the determination of a legal obligation applying another forum's interpretation of the Restatement (Second) of Torts. Instead, *Cede* dealt narrowly with a determination of whether the Court of Chancery's finding on a mixed question of fact and law was erroneous as a matter of law.[19] The Supreme Court deferred to the Court of Chancery on its finding of materiality in the breach of the board of directors' fiduciary duty to disclose one director's self-interest in a

---

[16] *See, e.g.*, *Hupan v. Alliance One Int'l Inc.*, 2016 WL 4502304, at *4 (Del. Super. Aug. 25, 2016) (quoting *Kennedy v. Invacare Corp.*, 2006 WL 488590, at *1 (Del. Super. Jan. 31, 2006); *Bd. of Managers of the Del. Criminal Justice Info. Sys. v. Gannett Co.*, 2003 WL 1579170, at *1 (Del. Super. Jan. 17, 2003)).

[17] 636 A.2d 956 (Del. 1994).

[18] *See* Pl. Motion at 2-3.

[19] *See Cede*, 636 A.2d at 957 ("We must defer to the factfinder on a mixed question of fact and law, as to which reasonable minds may differ on the question of materiality.")

corporate transaction.[20] Cherry-picking the *Cede* Court's deference to the Court of Chancery's factual findings, Plaintiff argues—in essence—that mixed questions of fact and law are impervious to summary judgment.[21] Yet, *Cede* did not alter the principle that the existence of a legal duty is for the Court to decide as a matter of law, even where there is a mixed question of fact and law.[22] Thus, *Cede* does not support Plaintiff's Motion for Reargument and/or Reconsideration.

9.  Finally, Plaintiff's new argument regarding subsequent remedial measures was not raised previously and will not be considered on this Rule 59(e) motion.[23]

---

[20] *See id.* at 956-57.

[21] *See* Pl. Motion at 2-3.

[22] *See, e.g., Cash v. East Coast Prop. Mgmt., Inc.*, 2010 WL 4272935, at *3 (Del. Supr. Oct. 29, 2010) (citing *Pipher v. Parsell*, 930 A.2d 890, 892 (Del. 2007); *Handler Corp. v. Tlapechco*, 901 A.2d 737, 748-49 (Del. 2006)) ("Cash misunderstands the role of judge and jury. Whether a defendant has a legal duty is a question of law, not fact, and is for the court to decide."); *Riedel v. ICI Americas Inc.*, 968 A.2d 17, 20 (Del. 2009) ("Whether ICI owed Mrs. Riedel a legal duty is a question of law for the Court to determine."); *Naidu v. Laird*, 539 A.2d 1064, 1070 (Del. 1988) (citations omitted) ("The determination of the existence and scope of a legal duty presents mixed questions of law and fact. The ultimate question of whether 'such a relationship exists between the parties that the community will impose a legal obligation upon one for the benefit of the other' is an issue for the court."). *See also Rasnick v. Krishna Hospitality, Inc.*, 713 S.E.2d 835, 837 (Ga. 2011) ("The existence of a legal duty is a question of law for the court.").

[23] *See Bd. of Managers of the Del. Criminal Justice Info. Sys. v. Gannett Co.*, 2003 WL 1579170, at *1 (Del. Super. Jan. 17, 2003).

**IT IS SO ORDERED** that Plaintiff's Rule 59(e) Motion for Reargument and/or Reconsideration of this Court's August 31, 2016 Order Granting Defendant AT&T Corp.'s Motion for Summary Judgment is **DENIED**.

_____
Judge Vivian L. Medinilla

cc:     Original – Prothonotary
        All Counsel via File&Serve