IN THE SUPREME COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| CHESTER COUNTY EMPLOYEES' RETIREMENT FUND, | § § § | |
| Plaintiff Below, Appellant, | § § § | No. 457, 2017 |
| v. | § § § | Court Below: Court of Chancery of the State of Delaware |
| NEW RESIDENTIAL INVESTMENT CORP., WESLEY R. EDENS, MICHAEL NIERENBERG, ALAN L. TYSON, DAVID SALTZMAN, KEVIN J. FINNERTY, DOUGLAS L. JACOBS, FIG LLC, FORTRESS INVESTMENT GROUP LLC, and FORTRESS OPERATING ENTITY I LP, | § § § § § § § § § § § § | C.A. No. 11058-VCM |
| Defendants Below, Appellee. | § § | |

Submitted: May 2, 2018
Decided: May 10, 2018

Before **STRINE**, Chief Justice; **VALIHURA** and **SEITZ**, Justices.

## **O R D E R**

On appeal, the plaintiff has made colorable arguments that a key defendant, Fortress, received side benefits from a major acquisition that were material to it and that made its interests adverse to the investors of the buyer in the transaction, New Residential, which Fortress managed and whose representatives constituted half the New Residential board. But, as the defendants have argued, these arguments were

not fairly raised below, as exemplified by the fact that the Court of Chancery expressly gave the plaintiffs the chance to amend their first amended complaint and to have another round of dismissal briefing that could focus fairly on this issue.[1] The plaintiff, for tactical reasons, chose not to take that opportunity, but now attempts to raise issues for the first time on appeal.[2] Under Rule 8, that is not proper.[3] Therefore, we will not indulge these arguments for the first time on appeal.

As to the only issue fairly raised, we conclude that the Court of Chancery was correct in finding that it was the duty of the plaintiffs to plead that Fortress received a side benefit that was material to it.[4] The transaction that was the focus of the claim below was with a seller who was not controlled in any way by Fortress or New Residential,[5] and did not involve classic self-dealing.[6] For that reason, the Court of

---

[1] *Chester County Employees' Retirement Fund v. New Residential Investment Corp.*, C.A. No. 11058-VCM, 2016 WL 7011350, at *3 (Del. Ch. Dec. 1, 2016) ("Defendants raised the issue of materiality in their opening brief in support of their motion to dismiss and at oral argument. But Plaintiff did not respond to that argument. I have granted Plaintiff leave to replead. The proper place to assert new materiality allegations is in a second amended complaint.").

[2] At oral argument, counsel for New Residential conceded that its briefing before the Court of Chancery did not argue the materiality to Fortress of the side benefits it alleged Fortress received.

[3] Del. Supr. Ct. R. 8 ("Only questions fairly presented to the trial court may be presented for review; provided, however, that when the interests of justice so require, the Court may consider and determine any question not so presented.").

[4] *Chester County Employees' Retirement Fund v. New Residential Investment Corp.*, C.A. No. 11058-VCM, 2016 WL 5865004, at *10 (Del. Ch. Oct. 7, 2016).

[5] *Id.* at *11 n.69 ("[T]he HLSS acquisition was a third-party transaction between New Residential and HLSS in which Fortress allegedly received a special side benefit.").

[6] *In re Trados Inc. Shareholder Litig.*, C.A. No. 1512-CC, 2009 WL 2225958, at *6 (Del. Ch. July 24, 2009) ("A director is interested in a transaction if 'he or she will receive a personal financial benefit from a transaction that is not equally shared by the stockholders' or if 'a corporate decision will have a materially detrimental impact on a director, but not on the corporation and the stockholders.' The receipt of any benefit is not sufficient to cause a director to be interested in a transaction. Rather, the benefit received by the director and not shared with stockholders must be

Chancery correctly required the plaintiffs to plead that Fortress had a material conflict of interest,[7] and as we have indicated, the plaintiffs did not fairly argue that point below.

For these reasons, we affirm the judgment of the Court of Chancery dated October 7, 2016.[8]

BY THE COURT:

*/s/ Leo E. Strine, Jr.*

Chief Justice

---

'of a sufficiently material importance, in the context of the director's economic circumstances, as to have made it improbable that the director could perform her fiduciary duties . . . without being influenced by her overriding personal interest . . . .'") (citing *Rales v. Blasband*, 634 A.2d 927, 936 (Del. 1993); *In re Gen. Motors Class H S'holders Litig.*, 734 A.2d 611, 617 (Del. Ch. 1999)).

[7] *Cinerama Inc. v. Technicolor, Inc.*, Civ. A. No. 8358, 1991 WL 111134 (Del. Ch. June 24, 1991) *aff'd in part, rev'd in part sub nom. Cede & Co. v. Technicolor, Inc.*, 634 A.2d 345 (Del. 1993) (in a case that "does not involve classic self-dealing . . . the plaintiff [must] plead . . . facts from which the court can and does conclude, from an examination of all of the credible evidence, that as a matter of fact the director or directors involved had material financial or other interest in the transaction different from the shareholders generally"); *Cede & Co. v. Technicolor, Inc.* 634 A.2d 345, 363 (Del. 1993), *decision modified on reargument*, 636 A.2d 956 (Del. 1994) ("[A] plaintiff's burden of proof of a director's self-interest in an arms-length third party transaction should be greater than in a classic self-dealing transaction where a director or directors stand on both sides of a transaction.").

[8] *Chester County Employees' Retirement Fund v. New Residential Investment Corp.*, C.A. No. 11058-VCM, 2016 WL 5865004 (Del. Ch. Oct. 7, 2016).