■ VANDERLINDE ELECTRIC CORPORATION, Respondent, v CITY OF ROCHESTER, Appellant.—Order unanimously affirmed, with costs, for the reasons stated in memorandum decision at Special Term, Boehm, J. (Appeal from order of Supreme Court, Monroe County, Boehm, J.—amend complaint.) Present—Dillon, P. J., Hancock, Jr., Callahan, Green and Pine, JJ.

■ STATE DIVISION OF HUMAN RIGHTS, on Complaint of BEATRICE A. RAUX, Petitioner, v CHICAGO PNEUMATIC TOOL COMPANY, Respondent.—Determination unanimously confirmed and petition dismissed, without costs *(see, State Div. of Human Rights v Ingersoll-Rand Co.,* 106 AD2d 917). (Proceeding pursuant to Executive Law § 298.) Present—Dillon, P. J., Hancock, Jr., Callahan, Green and Pine, JJ.

■ In the Matter of KAREN W. BASHER et al., Respondents, v TOWN OF EVANS et al., Appellants, and MARK W. HAMBERGER et al., as Town Justices of the Town of Evans, Respondents. (Appeal No. 1.)—Judgment unanimously reversed, on the law, without costs, and matter remitted to Supreme Court, Erie County, for further proceedings, in accordance with the following memorandum: On this appeal from a judgment granting the CPLR article 78 petition of Basher and Austin, which, *inter alia,* reinstated them to their former posts as clerks to the Evans Town Justices, we find that the issue of whether the discharge of petitioners was politically motivated in violation of petitioners' constitutional rights is a sharply disputed issue of fact *(see, Elrod v Burns,* 427 US 347; *Matter of McBride v Griffin,* 62 AD2d 520). The court below therefore erred in failing to order a fact-finding hearing on this issue, pursuant to CPLR 7804 (h).

Upon remittitur, the court below must order joined as necessary parties all persons whose jobs might be jeopardized by reinstatement of petitioners *(see, Matter of Gill v Dutchess County Bd. of Coop. Educ. Servs.,* 99 AD2d 836). (Appeal from judgment of Supreme Court, Erie County, Marshall, J.—art 78.) Present—Dillon, P. J., Hancock, Jr., Callahan, Green and Pine, JJ.