In the Matter of MOUNT PLEASANT COTTAGE SCHOOL UNION FREE SCHOOL DISTRICT, Appellant, v THOMAS SOBOL, as Commissioner of Education, Respondent.—Yesawich, Jr., J. Appeal from a judgment of the Supreme Court (Cheeseman, J.), entered May 4, 1989 in Albany County, which, in a proceeding pursuant to CPLR article 78, granted respondent's motion to dismiss the petition for failure to join a necessary party.

Petitioner commenced this CPLR article 78 proceeding to challenge respondent's determination ordering petitioner to offer a former tenured employee a position as principal. The tenured worker, Donald Schwarz, was terminated from his employment when petitioner abolished one of its administrative assistant positions. Schwarz was then placed on a preferred eligibility list. Thereafter, a vacancy arose in a newly created position of principal which Schwarz maintained was similar to that of his eliminated position as administrative assistant. When he was denied appointment to the principal position, he commenced an article 78 proceeding aimed at having petitioner appoint him to the principal position nunc pro tunc. That petition was dismissed by Supreme Court, Westchester County, because primary jurisdiction over the dispute rested with respondent *(see,* Education Law § 310). Schwarz thereupon filed but never perfected an appeal from that determination. He also unsuccessfully moved to reargue the dismissal of his petition.

Before withdrawing his appeal to the Second Department,

Schwarz petitioned respondent to direct petitioner to appoint him as principal. Petitioner's answer in that proceeding affirmatively pleaded that the petition was untimely *(see,* 8 NYCRR 275.16) but otherwise contained only general denials. Petitioner neither participated in oral argument before respondent nor submitted any proof regarding the merits of the controversy despite having an opportunity to do so. Respondent granted Schwarz the relief requested, prompting petitioner to commence this article 78 proceeding to have that determination annulled and Schwarz's appeal dismissed as time barred. Supreme Court dismissed the petition because Schwarz was not made a party to the article 78 proceeding. We affirm.

If petitioner were successful in this proceeding, Schwarz would undoubtedly lose his recently acquired post as principal. Being a person "who might be inequitably affected by a judgment in the [proceeding]" (CPLR 1001 [a]), Schwarz is clearly a necessary party *(see, e.g., Matter of Basher v Town of Evans,* 112 AD2d 4; *Matter of Gill v Dutchess County Bd. of Coop. Educ. Servs.,* 99 AD2d 836, 837). As the Statute of Limitations, which continued to run against Schwarz for he was never served *(see,* McLaughlin, Practice Commentaries, McKinney's Cons Laws of NY, Book 7B, CPLR C1003:1, at 452), has expired and he has not consented to appear, joining him as a party respondent in these circumstances is disfavored by the courts *(see, Brenon v County of Oneida,* 52 Misc 2d 795, 796; *see also, Allied 31st Ave. Corp. v City of New York,* 23 AD2d 678; *Scutella v County Fire Ins. Co.,* 231 App Div 343); thus, at issue is whether Supreme Court improvidently exercised its discretion under CPLR 1001 (b) when it dismissed this proceeding because of the nonjoinder of Schwarz.

Respondent and Schwarz are not united in interest and they do not stand or fall together, in that while respondent in his capacity as chief executive officer of the State education system (Education Law § 305) has authority over petitioner, he has no corresponding authority over a private citizen who like Schwarz has been omitted as a party *(cf., Matter of Sandor v Nyquist,* 45 AD2d 122, 124). As a consequence, Schwarz's interest in avoiding the loss of his job will not be protected by any party in this proceeding if this matter is allowed to go forward. Sensitive to this fact, Supreme Court essentially decided that the potential deprivation to Schwarz of his employment without due process safeguards outweighed petitioner's desire to have the controversy litigated. In these circum-

stances, we find no abuse of discretion on the court's part *(cf., Matter of Greaney v Poston,* 50 AD2d 653; *Matter of Sandor v Nyquist, supra).* Moreover, petitioner has only itself to blame for not originally serving Schwarz before the Statute of Limitations ran.

Judgment affirmed, without costs. Mahoney, P. J., Kane, Casey, Mikoll and Yesawich, Jr., JJ., concur.