■ TESCO PROPERTIES, INC., et al., Appellants-Respondents, v TROY REHABILITATION AND IMPROVEMENT PROJECT, INC., et al., Respondents-Appellants, et al., Defendant.—Weiss, J. Cross appeals from an order of the Supreme Court (Travers, J.), entered April 14, 1989 in Rensselaer County, which, *inter alia,* denied the motion of certain defendants to dismiss the

complaint and directed joinder of various limited partners as parties to the action.

Plaintiff Hillside Development Associates (hereinafter Hillside) is a New York limited partnership in which plaintiff Associated Housing Developers, Inc. (hereinafter AHDI), a Tennessee corporation, and defendants Barbara J. Higbee, Troy Rehabilitation and Improvement Project, Inc. (hereinafter TRIP), a New York not-for-profit corporation, and James P. Cunningham are general partners who together own less than a 1% interest in Hillside. Associate Housing Developers (hereinafter AHD), a Tennessee limited partnership, is the limited partner owning a 99.5% interest in Hillside. Hillside owns and operates a housing project in the City of Troy, Rensselaer County, consisting of 80 dwelling units for tenants with low and moderate incomes. The project is financed by the Federal Department of Housing and Urban Development with a mortgage loan insured by the Federal Housing Administration.

On or about May 14, 1986, AHDI notified Higbee, TRIP and TRIP's wholly owned subsidiary, defendant TRIP Realty Management Corporation (hereinafter TRIP Realty), a New York corporation, of its intention to remove TRIP Realty as managing agent of the project effective August 1, 1986 and replace TRIP Realty with plaintiff TESCO Properties, Inc. (hereinafter TESCO), a Tennessee corporation, as the managing agent. When TRIP, TRIP Realty and Higbee failed to turn over pertinent records and permit the transition of the project management, plaintiffs commenced this action seeking, *inter alia*, specific performance of AHDI's right under the restated partnership agreement to remove TRIP Realty as managing agent and substitute a replacement. The complaint also sought recovery of management fees which TESCO allegedly lost, an injunction against further interference by defendants with plaintiffs' rights to designate the project manager as well as an accounting of the partnership.

TRIP, TRIP Realty and Higbee (hereinafter collectively referred to as defendants) moved to dismiss the complaint and plaintiffs cross-moved for summary judgment. Although Supreme Court denied both motions, it did grant defendants' request that the limited partners in AHD be joined as parties. Plaintiffs' appeal is limited by their brief to so much of the order as directed the joinder of AHD's limited partners as parties to the action. Defendants have not perfected their cross appeal and have filed their brief solely to oppose plaintiffs' appeal. Defendants' sole reference to joinder of additional

parties in their moving papers appears in the affidavit of their attorney, who contends that AHD is a necessary party because it owns 99.5% of Hillside as the limited partner.

Plaintiffs contend that Partnership Law § 115 precludes joinder of the limited partner in a legal proceeding by or against the partnership and argue that, to do otherwise, permits the active involvement of the limited partners in partnership affairs which, in essence, makes them general partners. We disagree. The subject dispute involves an interpretation of the partnership agreement and seeks an accounting of the partnership. An accounting of the partnership requires that all partners (see, Marks v Zucker, 118 AD2d 452, 455), including limited partners (see, Goodwin v MAC Resources, 149 AD2d 666, 667), be parties to the action. Moreover, the subject dispute, to the extent that it involves an interpretation of the partnership agreement, can only be fully and finally resolved if all of the parties to the agreement are in the lawsuit (see, CPLR 1001). Since this is a dispute between partners over the interpretation of the rights and obligations under the partnership agreement, it is not a proceeding by or against the partnership (see, Partnership Law § 115), even though the partnership is made a nominal party plaintiff.

Order affirmed, without costs. Kane, J. P., Weiss, Mikoll, Yesawich, Jr., and Mercure, JJ., concur.