■ In the Matter of JOHN WRIGHT, Appellant, v TOWN BOARD OF THE TOWN OF TICONDEROGA et al., Respondents.— Yesawich, Jr., J. Appeal from a judgment of the Supreme Court (Dier, J.), entered April 23, 1990 in Essex County, which, *inter alia,* dismissed petitioner's application, in a pro-

ceeding pursuant to CPLR article 78, to compel respondent Town Board of the Town of Ticonderoga to remove the Town's Chief of Police.

John Wade served as Police Chief for the Village of Pulaski in Oswego County from 1981 until he was provisionally appointed Police Chief of the Town of Ticonderoga in Essex County in January 1990. Despite a requirement that police officers promoted to first-line supervisory positions satisfactorily complete an approved police supervision course within one year of appointment (see, General Municipal Law § 209-q), Wade did not do so upon becoming Police Chief in Pulaski. In fact, Wade completed the course just shortly after he received the Ticonderoga appointment.

Petitioner, a resident of the Town of Ticonderoga, commenced this CPLR article 78 proceeding seeking an order terminating Wade because of several job qualification deficiencies. Respondents moved and petitioner cross-moved for an order assessing costs and sanctions pursuant to 22 NYCRR 130-1.1 (a). Supreme Court denied the motions and found that petitioner's objections to Wade's Ticonderoga appointment were either barred by the Statute of Limitations or subject to dismissal for failure to join necessary and indispensable parties. Although the court did not explicitly dismiss the petition, the parties have interpreted the memorandum order to this effect; in the interest of judicial economy, we do the same.

Proceedings against a body or officer must be commenced within four months after the action to be reviewed becomes final (CPLR 217). Thus, petitioner's concerns regarding any decision to permanently appoint Wade as Pulaski's Police Chief in 1984 are untimely.

The remaining qualification challenges, while timely, must be dismissed in any event because petitioner failed to join Wade in this proceeding. Were petitioner successful in his endeavor, Wade might well lose his position as Police Chief. As a person "who might be inequitably affected by a judgment in the [proceeding]" (CPLR 1001 [a]), he is obviously a necessary party (see, Matter of Mount Pleasant Cottage School Union Free School Dist. v Sobol, 163 AD2d 715, lv granted 77 NY2d 802; see also, Matter of Basher v Town of Evans, 112 AD2d 4). Because the potential exists that Wade could be deprived of his employment without due process safeguards, the petition was properly dismissed (see, Matter of Mount Pleasant Cottage School Union Free School Dist. v Sobol, supra).

Lastly, as respondents' conduct in this litigation has not been frivolous, there is no reason to disturb Supreme Court's refusal to order respondents to pay sanctions or costs.

Judgment affirmed, without costs. Casey, J. P., Mikoll, Yesawich, Jr., Levine and Mercure, JJ., concur.