■ ROBERT E. KUSHNER et al., Appellants, et al., Plaintiff, v WINSTON & STRAWN, Respondent, et al., Defendants. ROBERT E. KUSHNER et al., Respondents-Appellants, v WINSTON & STRAWN, Appellant-Respondent, and EDWARD L. LEVINE et al., Respondents. [600 NYS2d 16] —Order, Supreme Court, New York County (Shirley Fingerhood, J.) entered July 17, 1992, which denied plaintiffs' motion for partial summary judgment on their third cause of action for a share of the inventory of defendant law firm's predecessor firm, unanimously affirmed. Order, same court, same Justice, entered June 9, 1992, which, insofar as appealed from, granted plaintiffs' motion for partial summary judgment on their first cause of action for a share of the firm's profits, denied defendant's cross-motion for summary judgment dismissing plaintiffs' first cause of action and granted the individual defendants' motion for summary judgment dismissing the complaint as against them, unanimously modified, on the law, to deny the individual defendants' motion for summary judgment dismissing the complaint as against them, and otherwise affirmed, without costs.

The IAS Court properly found that plaintiffs are not entitled to summary judgment on their third cause of action alleging breach of paragraph 6 (b) (iii) of the Partnership Agreement based on their argument that that provision requires a netting of incoming and outgoing partners for purposes of determining inventory shares. While the 1983 amendment to the Partnership Agreement provides that for such purposes an outgoing partner's share may be "reduced * * * to reflect the shares of partners admitted to the Firm" during the relevant five-year period, it makes no mention of partners who left the firm during this period, and thus cannot be read to require an increase in the inventory sharing percentages to account for such departures. The remaining disputes involving the calculation of the value of plaintiffs' inventory shares may be resolved in the accounting directed by the IAS Court.

We reject defendants' argument that the IAS Court erred in granting plaintiffs summary judgment on their first cause of action. In light of the terms of the Merger Agreement by which the successor firm specifically assumed the predecessor firm's liabilities, whether or not fully accrued, and undertook to fulfill the latter's contractual obligations, there is no basis to find that the merger terminated plaintiffs' right to distributions under the predecessor firm's Partnership Agreement. In addition, under paragraph 4 (a) of the Merger Agreement, partners in the predecessor firm were to receive 25% of the net income of the successor firm for the fiscal year ending on January 31, 1990, with payment to be made in accordance with the terms of the predecessor firm's Partnership Agreement. Accordingly, notwithstanding termination of the old partnership, it is clear that the parties to the merger contemplated the continued effectiveness of the pre-existing Partnership Agreement through the fiscal year ending January 31, 1990.

The IAS Court erred, however, in dismissing the complaint against the individual defendants. The individual partners should be joined by reason of the accounting which has been directed by the IAS Court *(TESCO Props. v Troy Rehabilitation & Improvement Project,* 166 AD2d 839). Concur—Rosenberger, J. P., Ellerin, Asch, Rubin and Nardelli, JJ.