■ RAMESH SARVA, Appellant, v TURA ASSOCIATES et al., Respondents. [612 NYS2d 62] —In an action, *inter alia,* to recover damages for breach of contract, the plaintiff appeals from so much of an order of the Supreme Court, Queens

County (Durante, J.), dated June 10, 1992, as (1) granted those branches of the defendants' motion which were to dismiss the complaint insofar as it is asserted against the defendant Rex Realty Co., and to strike the demand for punitive damages, and (2) denied his cross motion to disqualify the law firm of Feiden, Dweck & Sladkus, from representing the defendants in this action.

Ordered that the order is modified, on the law, by deleting therefrom the provision granting that branch of the defendants' motion which was to dismiss the action as against the defendant Rex Realty Co., and substituting therefor a provision denying that branch of the motion; as so modified, the order is affirmed insofar as appealed from, without costs or disbursements.

We agree with the plaintiff that the Supreme Court erred in dismissing the complaint insofar as it is asserted against the defendant Rex Realty Co. (hereinafter Rex). Pursuant to CPLR 1001 (a), a person or entity should be joined as a party where such joinder would facilitate the affording of complete relief or where that person or entity might be inequitably affected by a judgment rendered in the action. Here, the plaintiff seeks damages and injunctive relief arising from his alleged wrongful discharge as the managing partner of the defendant Tura Associates. It is undisputed that Rex was retained to succeed the plaintiff in the performance of managerial duties for the partnership. Inasmuch as the complaint seeks, *inter alia*, to enjoin Rex from continuing to manage the partnership business and to compel Rex to turn over to the plaintiff certain records pertaining to the business, Rex was properly named as a defendant in this action *(see, e.g., Town of Brookhaven v Chun Enters.*, 71 NY2d 953; *Matter of Mount Pleasant Cottage School Union Free School Dist. v Sobol*, 163 AD2d 715, *affd* 78 NY2d 935; *Matter of Basher v Town of Evans*, 112 AD2d 4).

The Supreme Court properly struck the plaintiff's demand for punitive damages, since the action seeks to redress a private wrong based on an alleged breach of contract and the allegations of the complaint fail to make out any wanton, willful, or malicious conduct on the part of the defendants *(see generally, Home Ins. Co. v American Home Prods. Corp.*, 75 NY2d 196; *Halpin v Prudential Ins. Co.*, 48 NY2d 906; *Goldberg v Active Fire Sprinkler Corp.*, 194 AD2d 765; *Westinghouse Elec. Supply Co. v Pyramid Champlain Co.*, 193 AD2d 928).

Furthermore, the Supreme Court properly determined that

the plaintiff has failed to set forth sufficient facts to support his cross motion to disqualify the law firm representing the defendants *(see, S & S Hotel Ventures Ltd. Partnership v 777 S. H. Corp.,* 69 NY2d 437; *Feeley v Midas Props.,* 199 AD2d 238; *Plotkin v Interco Dev. Corp.,* 137 AD2d 671). Thompson, J. P., Sullivan, Ritter and Friedmann, JJ., concur.