Ji Juan Lin v Bo Jin Zhu (2021 NY Slip Op 00550)





Ji Juan Lin v Bo Jin Zhu


2021 NY Slip Op 00550


Decided on February 3, 2021


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on February 3, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

REINALDO E. RIVERA, J.P.
COLLEEN D. DUFFY
VALERIE BRATHWAITE NELSON
LINDA CHRISTOPHER, JJ.


2019-04550
 (Index No. 707231/18)

[*1]Ji Juan Lin, etc., et al., appellants,
v
Bo Jin Zhu, et al., respondents.


Victor Tsai, Brooklyn, NY, for appellants.
Olshan Frome Wolosky LLP, New York, NY (Scott A. Shaffer of counsel), for respondent LSL Realty Holding, LLC.



DECISION & ORDER
In an action, inter alia, to set aside a conveyance of real property, the plaintiffs appeal from an order of the Supreme Court, Queens County (Leonard Livote, J.), entered February 21, 2019. The order, insofar as appealed from, granted the separate motions of the defendant LSL Realty Holding, LLC, the defendant Xiumin Chen, and the defendants Bo Jin Zhu, Wen Ping Zhu, 8220 Britton Ave Realty Corp., and Crown Mansion, LLC, pursuant to CPLR 3211(a) to dismiss the complaint insofar as asserted against each of them for failure to join necessary parties.
ORDERED that the order is reversed insofar as appealed from, on the law, without costs or disbursements, the separate motions of the defendant LSL Realty Holding, LLC, the defendant Xiumin Chen, and the defendants Bo Jin Zhu, Wen Ping Zhu, 8220 Britton Ave Realty Corp., and Crown Mansion, LLC, pursuant to CPLR 3211(a) to dismiss the complaint insofar as asserted against each of them for failure to join necessary parties are denied, and the matter is remitted to the Supreme Court, Queens County, for the joinder of 8220 Britton Ave Realty Corp Limited Investment Partnership and Ai Ying Zheng as defendants in this action, without prejudice to their right to assert any defenses or affirmative defenses, for the service of the summons and complaint by the plaintiffs upon 8220 Britton Ave Realty Corp Limited Investment Partnership and Ai Ying Zheng, within 30 days after service upon the plaintiffs of a copy of this decision and order, for the service by 8220 Britton Ave Realty Corp Limited Investment Partnership and Ai Ying Zheng of answers or motions directed to the complaint, and for further proceedings thereafter.
The plaintiffs commenced this action "individually, and as Limited Partners and Shareholders and Creditors" of 8220 Britton Ave Realty Corp. (hereinafter the Company), asserting various claims related to a limited investment partnership agreement (hereinafter LIPA), dated July 25, 2015, and an addendum to the LIPA executed in February 2016. Pursuant to the LIPA, the parties formed a limited partnership named 8220 Britton Ave Realty Corp Limited Investment Partnership (hereinafter the Limited Partnership), with the plaintiffs and Ai Ying Zheng as limited partners, and Bo Jin Zhu and Wen Ping Zhu as general partners, for the purpose of investing in the development of Company property. The limited partners made capital contributions in exchange for shares of the Company. The complaint alleged that the general partners misused and converted the limited partners' capital contributions by diverting the funds to develop property owned by a [*2]different company, in which Bo Jin Zhu had an interest, and that the general partners fraudulently transferred the Company property to LSL Realty Holdings, LLC (hereinafter LSL), in breach of the LIPA. The complaint further alleged breaches of the LIPA and its addendum related to the general partners' alleged failures to pay dividends, purchase the limited partners' interests, pay penalties, or sell their Company shares to the limited partners, as required by the agreements, and alleged that the Company defaulted on the payments due the plaintiffs under promissory notes.
LSL moved, Xiumin Chen separately moved, and Bo Jin Zhu, Wen Ping Zhu, 8220 Britton Ave Realty Corp., and Crown Mansion, LLC, separately moved, pursuant to CPLR 3211(a)(10) and (3) to dismiss the complaint for the failure to join the Limited Partnership and Ai Ying Zheng as necessary parties or, in the alternative, to dismiss the complaint insofar as asserted by the plaintiffs as limited partners or shareholders of the Company, for lack of standing. In an order entered February 21, 2019, the Supreme Court, inter alia, granted the motions based upon the failure to join necessary parties. The plaintiffs appeal.
Necessary parties are those "who ought to be parties if complete relief is to be accorded between the persons who are parties to the action or who might be inequitably affected by a judgment in the action" (CPLR 1001[a]; see Matter of Morgan v de Blasio, 29 NY3d 559, 560). Here, the Supreme Court correctly determined that the Limited Partnership and the third limited partner, Ai Ying Zheng, are necessary parties to this action (see Morrison v Van Benthuysen, 103 NY 675; TESCO Prop. v Troy Rehabilitation & Improvement Project, 166 AD2d 839, 841; Goodwin v MAC Resources, 149 AD2d 666, 667). Given the claims asserted by the plaintiffs as limited partners of the Limited Partnership, the plaintiffs are estopped from relying on the invalid formation of the Limited Partnership as a basis for failing to join the Limited Partnership as a party (see Partnership Law § 121-201[a], [b]; Boslow Family Ltd. Partnership v Glickenhaus & Co., 7 NY3d 664, 668; Rubenstein v Mayor, 41 AD3d 826, 828).
However, as the Limited Partnership and Ai Ying Zheng are subject to the jurisdiction of the Supreme Court, the court should have "order[ed][them] summoned," rather than granting the motion to dismiss the complaint for failure to join necessary parties (CPLR 1001[b]; see Windy Ridge Farm v Assessor of Town of Shandaken, 11 NY3d 725, 727; Matter of Mulford Bay, LLC v Rocco, 186 AD3d 1520; Blatt v Johar, 177 AD3d 634, 636; Matter of Germain v Town of Chester Planning Bd., 156 AD3d 633, 634).
LSL's contentions, raised as alternative grounds for affirmance, that dismissal of the complaint was warranted because the plaintiffs lack standing to assert their claims, are, in part, improperly raised for the first time on appeal (see Wells Fargo Bank v Islam, 174 AD3d 670, 671-672), and, in any event, are without merit (see Partnership Law § 121-1002[b]; Business Corp Law § 626[b]; Debtor and Creditor Law former article 10; Broome v ML Media Opportunity Partners, 273 AD2d 63, 64).
Accordingly, we remit the matter to the Supreme Court, Queens County, for the joinder of the Limited Partnership and Ai Ying Zheng and for further proceedings consistent herewith (see CPLR 1001[b]; U.S. Bank Trust, N.A. v Gedeon, 181 AD3d 745, 747-748; Deutsche Bank Natl. Trust Co. v Bandalos, 173 AD3d 1136, 1138).
RIVERA, J.P., DUFFY, BRATHWAITE NELSON and CHRISTOPHER, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court