Deutsche Bank Natl. Trust Co. v Brathwaite (2021 NY Slip Op 04659)





Deutsche Bank Natl. Trust Co. v Brathwaite


2021 NY Slip Op 04659


Decided on August 11, 2021


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on August 11, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

CHERYL E. CHAMBERS, J.P.
COLLEEN D. DUFFY
ANGELA G. IANNACCI
PAUL WOOTEN, JJ.


2019-02760
 (Index No. 33063/11)

[*1]Deutsche Bank National Trust Company, etc., appellant,
v
Gerald Brathwaite, et al., defendants; Brock Tanksley, nonparty-respondent.


Duane Morris LLP, New York, NY (Brett L. Messinger of counsel), for appellant.
Legal Aid Society of Rockland County, Inc., New City, NY (Derek S. Tarson of counsel), for nonparty-respondent.



DECISION & ORDER
In an action to foreclose a mortgage, the plaintiff appeals from an order of the Supreme Court, Rockland County (Rolf Thorsen, J.), dated January 22, 2019. The order, insofar as appealed from, granted that branch of the cross motion of nonparty Brock Tanksley which was pursuant to CPLR 3215(c) to dismiss the complaint as abandoned and thereupon directed dismissal of the complaint with prejudice, and denied, as academic, the plaintiff's motion, inter alia, for leave to enter a default judgment.
ORDERED that the order is modified, on the law, by deleting the provision thereof directing dismissal of the complaint with prejudice, and substituting therefor a provision directing dismissal of the complaint without prejudice; as so modified, the order is affirmed insofar as appealed from, with costs to nonparty Brock Tanksley payable by the plaintiff.
In October 2011, the plaintiff commenced this action to foreclose a mortgage encumbering real property in Rockland County (hereinafter the property) against numerous defendants, including "John Doe" and "Jane Doe" representing unknown tenants or occupants, if any, of the property. More than six years later, in May 2018, the plaintiff moved, inter alia, for leave to enter a default judgment. Nonparty Brock Tanksley, an occupant of the property, cross-moved, among other things, pursuant to CPLR 3215(c) to dismiss the complaint as abandoned due to the plaintiff's lengthy delay in seeking a default judgment. The Supreme Court, inter alia, granted that branch of Tanksley's cross motion, denied the plaintiff's motion as academic, and directed dismissal of the complaint with prejudice. The plaintiff appeals.
Pursuant to CPLR 3215(c), where a plaintiff fails to take proceedings for the entry of judgment within one year after a default, the court shall dismiss the complaint as abandoned. "The one exception to the otherwise mandatory language of CPLR 3215(c) is that the failure to timely seek a default on an unanswered complaint or counterclaim may be excused if 'sufficient cause is shown why the complaint should not be dismissed'" (Giglio v NTIMP, Inc., 86 AD3d 301, 308, quoting CPLR 3215[c]). "This Court has interpreted this language as requiring both a reasonable excuse for the delay in timely moving for a default judgment, plus a demonstration that the cause of action is potentially meritorious" (Giglio v NTIMP, Inc., 86 AD3d at 308; see U.S. Bank, [*2]N.A. v Laulicht, 176 AD3d 892, 893). "The determination of whether an excuse is reasonable in any given instance is committed to the sound discretion of the motion court" (Giglio v NTIMP, Inc., 86 AD3d at 308; see Wells Fargo Bank, N.A. v Cafasso, 158 AD3d 848, 849.
Here, the Supreme Court providently exercised its discretion in finding that the plaintiff failed to proffer a reasonable excuse for its more than six-year delay in seeking a default judgment. The plaintiff's conclusory and unsubstantiated assertions that unspecified periods of delay were attributable "to a variety of reasons out of [the] plaintiff's control," such as foreclosure settlement conferences, the need to serve a party by publication, compliance with a then newly enacted administrative order, a change in counsel, "and an abundance of litigation," were insufficient to constitute a reasonable excuse (see Bank of Am., N.A. v Santos, 175 AD3d 449, 451; Wells Fargo Bank, N.A. v Cafasso, 158 AD3d at 849-850). Since the plaintiff failed to set forth a reasonable excuse, we need not determine whether it asserted a potentially meritorious cause of action (see Bank of Am., N.A. v Santos, 175 AD3d at 451; BAC Home Loans Servicing, L.P. v Bertram, 171 AD3d 994, 996). Moreover, since the court properly granted that branch of Tanksley's cross motion which was pursuant to CPLR 3215(c) to dismiss the complaint, the court also properly denied, as academic, the plaintiff's motion, inter alia, for leave to enter a default judgment. However, as correctly conceded by Tanksley, the court should not have directed dismissal of the complaint with prejudice, as "a dismissal under CPLR 3215(c) is a dismissal for a failure to prosecute and consequently [is] not a dismissal on the merits or with prejudice" (EMC Mtge. Corp. v Smith, 18 AD3d 602, 603). We therefore modify the order accordingly.
The plaintiff's remaining contentions need not be reached in light of our determination.
CHAMBERS, J.P., DUFFY, IANNACCI and WOOTEN, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court