CIT Group/Consumer Fin., Inc. v Kaiser (2022 NY Slip Op 03883)

CIT Group/Consumer Fin., Inc. v Kaiser

2022 NY Slip Op 03883

Decided on June 15, 2022

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on June 15, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

VALERIE BRATHWAITE NELSON, J.P.
SHERI S. ROMAN
LARA J. GENOVESI
DEBORAH A. DOWLING, JJ.

2020-05091
 (Index No. 13847/07)

[*1]CIT Group/Consumer Finance, Inc., respondent,
v
John R. Kaiser, et al., appellants, et al., defendants.

Genevieve Lane Lopresti, Seaford, NY, for appellant.
Aldridge Pite LLP, Melville, NY (Christopher E. Medina of counsel), for respondent.

DECISION & ORDER
In an action to foreclose a mortgage, the defendants John R. Kaiser and Rosemarie T. Kaiser appeal from stated portions of an order of the Supreme Court, Nassau County (Thomas A. Adams, J.), entered August 28, 2017. The order, insofar as appealed from, denied those branches of those defendants' motion which were to dismiss the complaint insofar as asserted against them, inter alia, pursuant to CPLR 3215(c) as abandoned.
ORDERED that the order is reversed, on the law, with costs, and that branch of the motion of the defendants John R. Kaiser and Rosemarie T. Kaiser which was pursuant to CPLR 3215(c) to dismiss the complaint insofar as asserted against them as abandoned is granted, and the motion is otherwise denied as academic.
On April 24, 2004, the defendants John R. Kaiser and Rosemarie T. Kaiser (hereinafter together the defendants) executed a note in the amount of $415,000 in favor of nonparty Finance America, LLC. The note was secured by a mortgage on certain real property in Nassau County. The plaintiff commenced this action to foreclose the mortgage in 2007. The defendants filed a notice of appearance on or about September 20, 2007, but did not answer the complaint.
Nearly eight years later, in April 2015, the plaintiff moved for an order of reference. The defendants opposed the motion and moved, inter alia, to dismiss the complaint insofar as asserted against them, among other grounds, as abandoned pursuant to CPLR 3215(c). In opposition to the motion, as to CPLR 3215(c), the plaintiff argued that the defendants failed to establish that they were prejudiced by the plaintiff's delay in seeking any default judgment. In an order entered July 31, 2017, the Supreme Court granted the plaintiff's motion for an order of reference. In an order entered August 28, 2017, the court denied the defendants' motion, finding, among other things, that the plaintiff had not abandoned the action. The defendants appeal from the order entered August 28, 2017.
CPLR 3215(c) provides that "[i]f the plaintiff fails to take proceedings for the entry of judgment within one year after [a] default, the court shall not enter judgment but shall dismiss the complaint as abandoned, without costs, upon its own initiative or on motion, unless sufficient cause is shown why the complaint should not be dismissed." "The language of CPLR 3215(c) is not, in [*2]the first instance, discretionary, but mandatory, inasmuch as courts 'shall' dismiss claims (CPLR 3215[c]) for which default judgments are not sought within the requisite one-year period, as those claims are then deemed abandoned" (Giglio v NTIMP, Inc., 86 AD3d 301, 307; see Bank of New York Mellon Tr. Co. v Lee, 202 AD3d 898, 898-899). Here, it is undisputed that the defendants defaulted by failing to answer the complaint within the requisite time after service was complete (see CPLR 308[1], [2]; 320[a]). Further, the plaintiff took no steps to initiate proceedings for the entry of a default judgment against the defendants within one year after their default in the action.
A plaintiff may avoid dismissal under CPLR 3215(c) by demonstrating "sufficient cause" for why the complaint should not be dismissed (see CPLR 3215[c]). "This Court has interpreted this language as requiring both a reasonable excuse for the delay in timely moving for a default judgment, plus a demonstration that the cause of action is potentially meritorious" (Giglio v NTIMP, Inc., 86 AD3d at 308; see Aurora Loan Services, LLC v Hiyo, 130 AD3d 763, 764). Here, the plaintiff failed to demonstrate a reasonable excuse for its failure to timely seek a default judgment (see Bank of New York Mellon Tr. Co. v Lee, 202 AD3d at 900; Deutsche Bank Natl. Tr. Co. v Brathwaite, 197 AD3d 557, 558; Bank of Am., N.A. v Santos, 175 AD3d 449, 451). Since the plaintiff failed to demonstrate a reasonable excuse for its delay in taking steps to initiate proceedings for the entry of a default judgment, we need not consider whether it had a potentially meritorious cause of action (see Bank of New York Mellon Tr. Co. v Lee, 202 AD3d at 900; Deutsche Bank Natl. Tr. Co. v Brathwaite, 197 AD3d at 558; Bank of Am., N.A. v Santos, 175 AD3d at 451).
The plaintiff's contention that the defendants waived their right to seek dismissal of the complaint pursuant to CPLR 3215(c) by filing a notice of appearance is improperly raised for the first time on appeal (Ji Juan Lin v Bo Jin Zhu, 191 AD3d 652, 654; Wells Fargo Bank v Islam, 174 AD3d 670, 672), and, in any event, without merit. "A waiver is the voluntary abandonment or relinquishment of a known right" (Jefpaul Garage Corp. v Presbyt. Hosp. in City of New York, 61 NY2d 442, 446). Here, the defendants filed a notice of appearance on September 20, 2007, which was before the time in which to answer the complaint had elapsed for either of them (see CPLR 308[1], [2]; 320[a]), and, thus, well before the right to seek dismissal pursuant to CPLR 3215(c) had accrued. Accordingly, the defendants could not have voluntarily abandoned or relinquished a right that did not exist at the time (cf. Myers v Slutsky, 139 AD2d 709, 710).
In light of our determination, we do not reach the defendants' remaining contentions.
BRATHWAITE NELSON, J.P., ROMAN, GENOVESI and DOWLING, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court