Matter of Riverside Hose Co., Inc. v Village of Tarrytown Vil. Bd. (2025 NY Slip Op 04793)

Matter of Riverside Hose Co., Inc. v Village of Tarrytown Vil. Bd.

2025 NY Slip Op 04793

Decided on August 27, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on August 27, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

BETSY BARROS, J.P.
VALERIE BRATHWAITE NELSON
JANICE A. TAYLOR
LOURDES M. VENTURA, JJ.

2021-01588
 (Index No. 56647/20)

[*1]In the Matter of Riverside Hose Company, Inc., et al., petitioners-respondents, 
v
Village of Tarrytown Village Board, et al., respondents-appellants, et al., respondents.

Silverberg Zalantis LLC, Tarrytown, NY (Katherine Zalantis and Christie Tomm Addona of counsel), for respondents-appellants.

DECISION & ORDER
In a proceeding pursuant to CPLR article 78, inter alia, to annul so much of a resolution of the Village of Tarrytown Village Board dated May 8, 2020, as appointed Richard Tucci as second assistant chief engineer for the Village of Tarrytown Fire Department, the Village of Tarrytown Village Board, Drew Fixell, Thomas Butler, Karen Brown, Robert Hoyt, Rebecca McGovern, Douglas Zollo, and Paul J. Rinaldi appeal from a judgment of the Supreme Court, Westchester County (Anne E. Minihan, J.), dated December 15, 2020. The judgment, insofar as appealed from, granted that branch of the petition which was to annul so much of the resolution of the Village of Tarrytown Village Board dated May 8, 2020, as appointed Richard Tucci as second assistant chief engineer for the Village of Tarrytown Fire Department.
ORDERED that the judgment is reversed insofar as appealed from, on the law, without costs or disbursements, and the matter is remitted to the Supreme Court, Westchester County, for further proceedings consistent herewith.
The Board of Fire Wardens of the Village of Tarrytown Fire Department (hereinafter the Board of Fire Wardens), a fire department council as defined in Village Law § 10-1014, is charged with various responsibilities relating to the management of the Village of Tarrytown Fire Department (hereinafter the Fire Department) (see Village Law §§ 10-1000, 10-1010, and 10-1014). The Fire Department is comprised of six fire companies, including the petitioners, Riverside Hose Company, Inc. and Phenix Hose Company, Inc. Pursuant to Village Law § 10-1010 and the Fire Department's constitution, each of the six companies was required to hold its own annual meeting on April 7, 2020, inter alia, to elect delegates to the Fire Department's general convention, known as the "Chief's Convention." The delegates were required to hold the Chief's Convention two days later to nominate a person for each of the offices of chief engineer, first assistant chief engineer, and second assistant chief engineer, as per Village Law § 10-1012(1) and the Fire Department's bylaws. However, on April 6, 2020, the respondent Village of Tarrytown Village Board (hereinafter the Village Board) passed a resolution authorizing the Fire Department and the Board of Fire Wardens, in effect, to postpone the required meetings for 30 days in light of the COVID-19 pandemic. After each of the six companies of the Fire Department issued correspondence indicating that they had elected their respective delegates, the Chief's Convention was held on May 7, 2020. As relevant here, a majority of the 18 delegates at the Chief's Convention—three from each company—voted in favor of the candidates nominated for chief engineer and first assistant chief engineer, but not for [*2]second assistant chief engineer. The sole candidate for that office, Richard Tucci, received nine votes in support of and nine votes against his nomination. The petitioners' delegates were six of the nine delegates who voted against Tucci's nomination. Nonetheless, in a resolution dated May 8, 2020, the Village Board, among other things, appointed Tucci as second assistant chief engineer of the Fire Department. In reaching this determination, the Village Board concluded that the delegates at the Chief's Convention sent by at least one of the petitioners, if not both, were not qualified to serve, thereby nullifying at least three of the votes against Tucci, and that a majority of the accepted votes were therefore in favor of his nomination.
In June 2020, the petitioners commenced this proceeding pursuant to CPLR article 78 against, among others, the Village Board, the respondent Drew Fixell, the Village's Mayor, the respondent Thomas Butler, the Village's Deputy Mayor, and the respondents Karen Brown, Robert Hoyt, Rebecca McGovern, Douglas Zollo, and Paul J. Rinaldi, Trustees of the Village Board (hereinafter collectively the respondents). In the petition, the petitioners sought, inter alia, to annul so much of the resolution of the Village Board dated May 8, 2020, as appointed Tucci as second assistant chief engineer of the Fire Department. The respondents filed an answer with objections in point of law (see CPLR 7804[f]), including that the petitioners failed to name necessary parties, among other objections. In a judgment dated December 15, 2020, the Supreme Court, among other things, granted that branch of the petition which was to annul so much of the Village Board's resolution dated May 8, 2020, as appointed Tucci as second assistant chief engineer for the Fire Department. This appeal ensued.
"The nonjoinder of necessary parties may be raised at any stage of the proceedings, by any party or by the court on its own motion, including for the first time on appeal" (Matter of Hofstra Univ. v Nassau County Planning Commn., 231 AD3d 1025, 1028 [internal quotation marks omitted]). "Necessary parties are defined as '[p]ersons who ought to be parties if complete relief is to be accorded between the persons who are parties to the action or who might be inequitably affected by a judgment in the action'" (City of New York v Long Is. Airports Limousine Serv. Corp., 48 NY2d 469, 475, quoting CPLR 1001[a]; see Matter of Cuomo v East Williston Union Free School Dist., 227 AD3d 897, 900). "The rule serves judicial economy by preventing a multiplicity of suits. It also insures fairness to third parties who ought not to be prejudiced or embarrassed by judgments purporting to bind their rights or interest where they have had no opportunity to be heard" (City of New York v Long Is. Airports Limousine Serv. Corp., 48 NY2d at 475 [internal quotation marks omitted]). "Dismissal of an action or proceeding for nonjoinder of a necessary party is only a last resort" (Matter of Hofstra Univ. v Nassau County Planning Commn., 231 AD3d at 1028 [alteration and internal quotation marks omitted]). Therefore, "[w]hen a necessary party has not been made a party and is 'subject to the jurisdiction' of the court, the proper remedy is not dismissal of the complaint or the petition, but rather for the court to direct that the necessary party be summoned" (Matter of Supinsky v Town of Huntington, 234 AD3d 855, 857, quoting CPLR 1001[b]; see Matter of Mulford Bay, LLC v Rocco, 186 AD3d 1520, 1520-1521).
Here, the Supreme Court improperly rejected the respondents' contention that the petitioners failed to join necessary parties. The petitioners sought to annul so much of the Village Board's resolution dated May 8, 2020, as appointed Tucci to his position, and the court granted that request. Since Tucci was a person "who might be"—and in fact was—"inequitably affected by a judgment" in this proceeding (CPLR 1001[a]), he was a necessary party (see Matter of Lodge v D'Aliso, 2 AD3d 525, 526; Sarva v Tura Assoc., 204 AD2d 422, 423; Matter of Mount Pleasant Cottage School Union Free School Dist. v Sobol, 163 AD2d 715, 716, affd 78 NY2d 935). Similarly, as the petitioners sought relief that could result in a change to the leadership of the Fire Department, the Board of Fire Wardens was also a necessary party (see Matter of Hofstra Univ. v Nassau County Planning Commn., 231 AD3d at 1028; Sacasa v David Trust 197 AD3d 750, 752-753; Ji Juan Lin v Bo Jin Zhu, 191 AD3d 652, 653).
However, contrary to the respondents' contention, dismissal of this proceeding is not the appropriate remedy for nonjoinder of Tucci and the Board of Fire Wardens (see Matter of Hofstra Univ. v Nassau County Planning Commn., 231 AD3d at 1028; Ji Juan Lin v Bo Jin Zhu, 191 AD3d at 653). Instead, "[u]nder these circumstances, the appropriate procedure is for the Supreme Court to determine whether [those parties] can be summoned and, if joinder cannot be effectuated, [*3]to determine whether the proceeding[ ] may nevertheless proceed in [their] absence, upon consideration of the factors set forth in CPLR 1001(b)" (Matter of Cuomo v East Williston Union Free School Dist., 227 AD3d at 900; see U.S. Bank Trust N.A. v Germoso, 216 AD3d 1046, 1048).
In light of our determination, it was premature for the Supreme Court to decide that branch of the petition which was to annul so much of the Village Board's resolution dated May 8, 2020, as appointed Tucci as second assistant chief engineer for the Fire Department on the merits. Accordingly, we reverse the judgment insofar as appealed from and remit the matter to the Supreme Court, Westchester County, for a determination as to whether Tucci and the Board of Fire Wardens can be summoned and, if joinder cannot be effectuated, to determine whether the proceeding may nevertheless proceed in those parties' absence, upon consideration of the factors set forth in CPLR 1001(b), and we express no views on the respondents' remaining contentions (see Sacasa v David Trust, 197 AD3d at 753).
BARROS, J.P., BRATHWAITE NELSON, TAYLOR and VENTURA, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court