Vargas v Mavino Realty Co., Inc. (2025 NY Slip Op 06675)

Vargas v Mavino Realty Co., Inc.

2025 NY Slip Op 06675

Decided on December 02, 2025

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: December 02, 2025

Before: Manzanet-Daniels, J.P., Moulton, Gesmer, Rosado, Hagler, JJ. 

Index No. 301063/11|Appeal No. 5254|Case No. 2025-02444|

[*1]James Vargas, Plaintiff-Respondent,
v
Mavino Realty Co., Inc., Defendant-Appellant, Metropolitan Landmark Realty Inc., Defendant-Respondent, John Doe #1, etc., et al., Defendants.

The Blash Law Firm PLLC, Nyack (Stacy N. Baden of counsel), for appellant.
Shapiro Law Offices, PLLC, Bronx (Ernest S. Buonocore of counsel), for James Vargas, respondent.

Order, Supreme Court, Bronx County (Kim Adair Wilson, J.), entered March 25, 2025, which, to the extent appealed from as limited by the briefs, denied the motion of defendant Mavino Realty Co., Inc. to vacate an order, same court and Justice, entered on or about July 11, 2024, granting plaintiff's motion for a default judgment as against it, unanimously reversed, on the law, without costs, defendant's motion granted, the default vacated, and the complaint dismissed. The Clerk is directed to enter judgment accordingly.
Initially, contrary to plaintiff's assertion otherwise, defendant's argument that the action should be dismissed as abandoned under CPLR 3215(c) is properly before this Court, as defendant raised the issue before Supreme Court.
As to the merits, Supreme Court should have granted the motion to vacate the default judgment and dismiss the action, as plaintiff failed to properly move for judgment within one year of defendants' default and the action was therefore deemed abandoned under CPLR 3215(c) (see Wells Fargo Bank, N.A. v Gwebu, 226 AD3d 578, 578 [1st Dept 2024]; see also 938 St. Nicholas Ave. Lender LLC v 936-938 Cliffcrest Hous. Dev. Fund Corp., 241 AD3d 1134, 1134 [1st Dept 2025]). Although plaintiff timely moved for judgment in October 2011, within a year of defendant's default, Supreme Court determined that plaintiff's papers lacked sufficient proof of service and a proper affidavit of merit. As a result, the court denied the motion without prejudice; however, the record shows that plaintiff did not seek entry of a default judgment until 2023, 12 years after his first motion was denied. Plaintiff successfully obtained a default judgment only on its fourth application in 2024, approximately 13 years after defendants' default.
The statutory language of CPLR 3215(c), which states that courts "shall dismiss" claims for which default judgments are not sought within one year, is not discretionary, but mandatory (see HSBC Bank USA, N.A. v Grella, 145 AD3d 669, 671 [2d Dept 2016]). Plaintiff never explained in his subsequent applications why he delayed in seeking a default judgment, nor does he do so on appeal. Thus, plaintiff also fails to satisfy the one exception to the otherwise mandatory language of CPLR 3215(c) — that is, that he had
"sufficient cause" for the delay (see Deutsche Bank Natl. Trust Co. v Brathwaite, 197 AD3d 557, 557-558 [2d Dept 2021]). THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: December 2, 2025