Schwartz v Abbatine (2026 NY Slip Op 01812)

Schwartz v Abbatine

2026 NY Slip Op 01812

Decided on March 25, 2026

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on March 25, 2026
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

HECTOR D. LASALLE, P.J.
CHERYL E. CHAMBERS
WILLIAM G. FORD
JAMES P. MCCORMACK, JJ.

2024-05354
 (Index No. 627491/23)

[*1]Arnold Schwartz, respondent, 
vAnthony Abbatine, et al., appellants.

David A. Gallo & Associates, LLP, Manhasset, NY (Robert M. Link of counsel), for appellants.
Pick & Zabicki LLP, New York, NY (Eric C. Zabicki of counsel), for respondent.

DECISION & ORDER
In an action, inter alia, to recover on personal guaranties, the defendants appeal from an order of the Supreme Court, Suffolk County (Alison J. Napolitano, J.), dated March 18, 2024. The order, insofar as appealed from, denied the defendants' motion pursuant to CPLR 3211(a) to dismiss the complaint.
ORDERED that the order is affirmed insofar as appealed from, with costs.
This action was commenced on November 3, 2023, against Anthony Abbatine and Tammy Abbatine. As alleged in the complaint, Anthony personally guaranteed a promissory note executed on or about October 20, 2010, by Frozen Ropes Baseball Company, LLC (hereinafter Frozen Ropes), in favor of the plaintiff in the principal sum of $1,335,000, due in three years (hereinafter the Frozen Ropes note). The complaint also alleged that the defendants personally guaranteed repayment under (1) an agreement executed on or about July 1, 2015, pursuant to which the plaintiff lent the sum of $750,000 to Warwick Yard, LLC (hereinafter Warwick Yard), with a maturation date of December 31, 2015 (hereinafter the Warwick Yard loan), and (2) a supplemental "addendum" agreement executed on or about March 1, 2016, pursuant to which the plaintiff lent the additional sum of $700,000 to Warwick Yard (hereinafter the Warwick Yard addendum). Under the Warwick Yard addendum, repayment of the Warwick Yard loan and the Warwick Yard addendum both became due on July 1, 2016. According to the complaint, Frozen Ropes and Warwick Yard defaulted and there were balances due under the Frozen Ropes note, the Warwick Yard loan, and the Warwick Yard addendum that the defendants were required to pay.
Prior to interposing an answer, the defendants moved pursuant to CPLR 3211(a) to dismiss the complaint, asserting, inter alia, that the complaint should be dismissed based on the expiration of the statute of limitations and the failure to join a necessary party. The Supreme Court, among other things, denied the defendants' motion on those grounds. The defendants appeal.
"On a motion to dismiss a complaint pursuant to CPLR 3211(a)(5) on the ground that the statute of limitations has expired, the moving defendant must establish, prima facie, that the time in which to commence the action has expired" (Comito v Z & N Enters. Corp., 230 AD3d 469, 471). "If such prima facie showing is made, the burden then shifts to the plaintiff to raise a question of fact [*2]as to whether the statute of limitations is tolled or is otherwise inapplicable" (id.).
Here, the defendants contended that the plaintiff failed to commence this action within the six-year statute of limitations (see CPLR 213[2]). The defendants met their prima facie burden because neither party disputed that the time within which to commence this action had expired (see HSBC Bank USA, N.A. v Macaulay, 187 AD3d 721, 723).
However, in opposition to the defendants' prima facie showing, the plaintiff raised a question of fact as to whether the statute of limitations was renewed with respect to the note and the loans by partial payments made by Anthony. "There is a 'long-standing common law rule' that partial payment of a debt, if made under 'circumstances from which a promise to honor the obligation may be inferred,' will operate to start the statute of limitations running anew from the time the partial payment is made" (Costello v Curan & Ahlers, LLP, 224 AD3d 734, 736, quoting Roth v Michelson, 55 NY2d 278, 281).
To demonstrate that the statute of limitations has been renewed by a partial payment, it must be shown that the payment was accompanied by circumstances amounting to "an absolute and unqualified acknowledgment by the debtor of more being due, from which a promise may be inferred to pay the remainder" (id. [internal quotation marks omitted]; see RTT Holdings, LLC v Nacht, 206 AD3d 834, 836). "[T]here need not be a writing in order for a plaintiff to demonstrate that the statute of limitations is . . . revived by reason of partial payment" (Costello v Curan & Ahlers, LLP, 224 AD3d at 737).
Here, the plaintiff submitted emails, text exchanges, and payment statements showing partial payments as late as September 2019. This evidence raised questions of fact as to whether the statute of limitations was revived with respect to the note and the loans as to both defendants (see Comito v Z & N Enters. Corp., 230 AD3d at 471-472). Therefore, the Supreme Court properly denied dismissal of the complaint pursuant to CPLR 3211(a)(5).
Necessary parties are those "who ought to be parties if complete relief is to be accorded between the persons who are parties to the action or who might be inequitably affected by a judgment in the action" (CPLR 1001[a]; see Ji Juan Lin v Bo Jin Zhu, 191 AD3d 652, 653). Here, there is no evidence that the agreements required the plaintiff to sue the debtors before he could sue the guarantors. In the absence of such an agreement, on default of the debtor, the creditor may sue the guarantor without first suing the debtor (see General Obligations Law § 15-701). Therefore, the debtor entities, Frozen Ropes and Warwick Yard, are not necessary parties to this action, and the Supreme Court properly denied dismissal of the complaint pursuant to CPLR 3211(a)(10).
The parties' remaining contentions are either improperly raised for the first time on appeal or without merit.
LASALLE, P.J., CHAMBERS, FORD and MCCORMACK, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court